## *In re* BRICK, Bankrupt.

(*District Court, D. New Jersey.* November 29, 1880.)

1. BANKRUPTCY — PARTNERSHIP PROPERTY.—Partnership property, as well as individual assets, should be included in the schedules of a bankrupt.

    *Wilkins* v. *Davis,* 15 N. B. R. 60.

2. SAME—TORT.—An interest in an action in tort need not be included in a bankrupt's schedules.

3. SAME—PARTNERSHIP—TORT.—Therefore a petition to vacate the discharge of a bankrupt, upon the ground that he failed to schedule his partnership interest in an action of tort for fraud and deceit, will be dismissed.

In Bankruptcy. On petition to vacate discharge.

*I. T. Easton,* for petitioners.

*Wm. L. Dayton,* for bankrupt.

NIXON, D. J. This is a proceeding to vacate and set aside a discharge in bankruptcy. The ground alleged in the petition is that the bankrupt wilfully swore falsely in the affidavit annexed to his petition, schedules, and inventory, in that he swore that the said schedules and inventory were a true statement of all his estate, both real and personal, whereas, in truth, the bankrupt, at the time of making the affidavit and petition and inventory, had, together with another, an interest in a suit then pending in the supreme court of the state of New York, to recover the sum of $17,000 and interest, which suit was commenced on the fourth day of January, 1877, was pending and undetermined when said petition was filed, and the schedules and inventory were made, and was entitled Riley A. Brick and William W. Campbell, plaintiffs, and Frank F. Fowler, defendant, and that such proceedings were had thereon that a judgment was recovered on the twenty-first day of April, 1879, in favor of the plaintiffs, for $17,-369.85, for damages and costs; and that the bankrupt has now, and had at the time of making the said schedules, inventory, and affidavit, and at the time of the granting of the discharge, an interest in said suit, and in the result thereof, of which his creditors were entitled to the benefit.

The bankrupt has answered the petition denying that he had any beneficial interest therein, which was assignable under the provisions of the bankrupt act, and further submitting, if he had, that it was a partnership asset, and did not go to his assignee for the benefit of his individual creditors.

The facts are substantially as follows: The bankrupt was engaged in business, in the year 1875, with one William H. Campbell, under the firm name of R. A. Brick & Co., and in the month of July of that year made sale to the Peekskill Iron Company of 600 tons of pig iron for $13,222, and received and accepted in payment therefor six promissory notes of the company, maturing in course in the months of October and November following. The sale was negotiated by Brick, on the part of the partnership, and Fowler, on the part of the iron company, he being its vice-president and trustee. A few weeks after the completion of the transaction by the delivery of the iron and the acceptance of the notes the company stopped payment on its liabilities, became hopelessly insolvent, and paid nothing on account of the purchase. Brick & Co. claimed that Fowler was personally liable for their loss, on account of his wilful misrepresentations of the pecuniary condition of the company made by him to Brick while the negotiations for the sale were going on. He was accordingly sued in an action of tort, in the supreme court of New York, for his false and fraudulent representations of the solvency of the company, and, while this action was pending, the partner Brick filed his individual petition in bankruptcy in this court for his discharge from his personal debts. In his schedules no reference was made to any partnership assets or partnership liabilities, nor to this claim for damages against Fowler.

It is insisted in the petition to vacate the discharge that such an omission by the bankrupt is proof (1) that he wilfully swore falsely to the truth and correctness of his schedules; and (2) that he concealed his assets from his creditors.

The first reason assigned by the counsel of the bankrupt why the discharge should not be set aside on the ground that the schedules did not contain all the assets of the bankrupt, is based on the proposition that where an individual member of

a partnership files his petition in bankruptcy, and makes up his schedules without mentioning partnership assets or debts, and asks for his discharge only from his individual liabilities, he is not required by the law to include any partnership assets in his schedules of property. It is claimed that his discharge, when granted upon such a petition and adjudication, applies to and releases him only from his individual debts, and does not release him from his partnership obligation.

Much support for such a proposition is, doubtless, found in a number of the adjudged cases, (*In re Little*, 1 N. B. R. 341; *In re Sheppard*, 3 N. B. R. 172; *Hudgins* v. *Lane*, 11 N. B. R. 462; *Cory* v. *Perry*, 17 N. B. R. 147;) and I have so much respect for the opinion of the learned judges who have thus held that I have, with great care and consideration, examined the grounds on which they have founded their judgment, and regret that I am unable to reach the same conclusion.

There are difficulties, I confess, in the matter growing out of the provisions of the bankrupt act, and the general orders in regard to proceedings in the case of partnership; but, not stopping to set forth in detail the reasons for my opinion, I think that Judge Lowell, in *Wilkins* v. *Davis*, 15 N. B. R. 60, has correctly stated the law, and indicated the proper practice, and that it is the duty of the bankrupt in such cases to include in his schedules his interest in partnership property, as well as his individual assets.

The second reason assigned is that only such property as is assignable should be included in a bankrupt's schedules, and the suit in question, being an action in *tort*, is not assignable, and would not pass to the assignee in bankruptcy.

Section 5016 of the Revised Statutes, in referring to the schedule and inventory which the voluntary bankrupt must annex to his petition, provides that "the said inventory must contain an accurate statement of all the petitioner's estate, both real and personal, *assignable under this title*, describing the same, and stating where it is situated, and whether there are any, and, if so, what encumbrances thereon." What description of property is stated to be assignable?

Section 5044 provides for the assignment of the bankrupt's estate to the assignee by the judge or register as soon as the assignee has been appointed and qualified, and the property which is vested in him by the deed is set forth in section 5046, to-wit: "All property conveyed by the bankrupt in fraud of his creditors; all rights in equity, choses in action, patent-rights, and copyrights; all debts due him or any person for his use, and all liens and securities therefor; and all his rights of action for property or estate, real or personal, and for any cause of action which he had against any person arising from contract, or from the unlawful taking, or detention, or injury to the property of the bankrupt; and all his rights of redeeming such property or estate, together with the like right, title, power and authority to sell, manage, dispose of, sue for, and recover or defend the same, as the bankrupt might have had if no assignment had been made."

It will be perceived that this includes causes of action which the bankrupt had against persons arising from contract, or from the unlawful taking, or detention, or injury to his property, but not causes of action arising *ex delicto;* and clearly the bankrupt is not required to put upon his schedules any rights which would not pass to the assignee.

I am not without authority for this construction of the statutes. In *In re Crockett*, 2 N. B. R. 210, the learned judge of the district court of the United States for the southern district of New York had occasion to examine into the question whether there were any assets of a former copartnership in existence at the time of filing a petition in bankruptcy. In speaking of one of the alleged assets he says: "The claim against Black Brothers & Co. is shown to be a claim in suit arising from the fact that Black Brothers & Co. recommended a certain person to the copartnership as worthy of trust, and the copartnership, on such recommendation, entrusted merchandise to such person for sale, and he disposed of it, and did not account for the proceeds. The suit is brought for fraudulently and deceitfully recommending a person as worthy of trust and confidence. Such a claim is not within the description in the fourteenth section

(§ 5046) of the act, of the assets which pass to the assignee in bankruptcy. It is not a debt or security for a debt, or a right in equity, or a chose in action, or a right of action for property; nor is it a right of action for a cause of action arising from contract. It is an action of tort for the fraud and deceit, and not an action on a contract."

As the bankrupt was not required to inventory such a claim, and as all the reasons for setting aside the discharge are founded upon such omission, the petition must be dismissed, with costs.