## TUFTS *v.* MATTHEWS and another.

*(Circuit Court, D. Rhode Island.* March 4, 1882.)

1. **DECEIT—RIGHT OF ACTION NOT ASSIGNABLE.**

    The right of action for damages for a deceit is not assignable, and does not pass to the assignee of the bankrupt

2. **ASSIGNMENT.**

    As a rule, only such actions are assignable as survive the death of a person, and would go to his executor or administrator. Where there is nothing, such as would survive the death of a person, there is nothing capable of being transferred.

3. **CASE STATED—RIGHT OF ACTION.**

    Where the assignee of the purchaser from the assignees of a bankrupt of all the assets of the bankrupt remaining in their hands, brings an action for pecuniary damages arising from alleged false representations made to the bankrupt and to his assigns through which certain first-mortgage railway bonds deposited as security for certain notes of one of the defendants were given up, *held,* that whatever right of action the bankrupt may have had, this *chose in action* did not pass to his assignees, and therefore no right of action passed to the plaintiff.

At Law.

*Charles M. Barnes* and *Hyde, Dickerson & Howe,* for plaintiff.

*James Tellinghast,* for defendants.

COLT, D. J. This is an action for deceit. The defendants have demurred to the declaration. The main question raised by the demurrer is whether an action of deceit is assignable. The facts alleged, so far as it is found necessary to state them, are as follows:

One Nathan Matthews, of Boston, was adjudicated a bankrupt upon petition filed August 30, 1878, and assignees were duly appointed. On December 19, 1879, the assignees sold all the assets of the bankrupt remaining in their hands, and all their rights of action against the defendants, to Benjamin F. Brooks; and on January 22, 1880, Edwin Tufts, the plaintiff, became the purchaser from Brooks. Among the assets of the bankrupt were claims to a large amount upon promissory notes made, in 1875, by Edward Matthews, of New York, one of the defendants. In February, 1877, an agreement was entered into by which Nathan Matthews was to surrender a large part of these notes, and discontinue proceedings in bankruptcy already commenced against Edward Matthews, in New York, upon certain terms, which, however, were never carried out by Edward Matthews, though the proceedings in bankruptcy against him were withdrawn. At the same time, as a part of this agreement, there were deposited, as security for the payment of Edward's notes, until he should fulfil the terms of the agreement, and make the payments called for under it, with William H. Williams, of New York, 250 of the first-mortgage bonds of the Carolina Central Railway, each of the par value of $1,000. It is

alleged that representations were made by the defendants Edward Matthews and Virginia B. Matthews, at the time the bonds were deposited, that Edward was the owner, but that afterwards, and prior to October 1, 1879, false and fraudulent representations were made by them to Nathan Matthews, his assignees, and to Williams, that Virginia, and not Nathan, was the owner; and that, being deceived by these false statements, and by other false representations made by Edward respecting the value of the coupons due on said bonds, Nathan, with the assent of his assignees and Williams, on October 1, 1879, entered into an agreement with Edward whereby the bonds were surrendered to Virginia on the payment of a small part of their value. In consequence of this, Edward's notes were left unpaid, and the assignees greatly damaged. Tufts, as the purchaser from Brooks of all rights of action belonging to the assignees, now brings this suit for deceit in the matter of the surrender of these bonds, alleging damages to the amount of $300,000.

We do not see, under the authorities, how an action of this character can be transferred by assignment; but, even if transferable, we very much doubt if the plaintiff could bring suit in his own name. It has been held that where the laws of a state do not permit the assignee of a *chose in action* to sue in his own name, a person who purchases such *chose in action* from the assignee in bankruptcy cannot maintain an action thereon in his own name; and, further, that the *lex fori* governs the form of remedy. There the contract was made in New York, and suit was brought in Massachusetts. *Leach* v. *Greene*, 12 N. B. R. 376. But neither the common law nor the statutes of Rhode Island nor the bankrupt act seem to warrant us in holding this action assignable. As a rule, only such actions are assignable as survive the death of a person, and would go to his executor or administrator. Where there is nothing such as would survive the death of a person, there is nothing capable of being transferred. *Comegys* v. *Vasse*, 1 Pet. 193, 213; *Dillard* v. *Collins*, 25 Gratt. 343.

At common law, personal actions died with the person,—*actio personalis moritur cum persona;* and this has been construed to mean all torts where the action is in form *ex delicto* for the recovery of damages, and the plea not guilty. 1 Saund. 216a, note 1; *Henshaw* v. *Miller*, 17 How. 212, 219.

While the statute of 4 Edw. III. c. 7, by a liberal construction enlarged the number of actions which survived, it was never held to extend to actions of assault and battery, false imprisonment, slander, deceit, and the like. Williams, Ex'rs, (6th. Am. Ed.) 870, (793.)

The number of actions which survive have been greatly increased by statute in most of the states. Under statutes quite similar to those

of Rhode Island, which provide for the survival of actions for damages to the person, or real or personal estate, it has been decided that actions for deceit or fraud, for pecuniary damages, will not lie. The damage done must be to some specific property of which the person is the owner. It is not sufficient if the damage arises incidentally or collaterally. False representations by which one is induced to part with property do not appear to come within the provisions of the statute. *Read* v. *Hatch*, 19 Pick. 47; *Cutting* v. *Tower*, 14 Gray, 183; *U. S.* v. *Daniel*, 6 How. 11; *Henshaw* v. *Miller*, 17 How. 212.

Section 5046 of the bankrupt act describes what property and rights pass to the assignee. The construction put upon the words "choses in action," there mentioned, excludes actions for personal tort such as the fraudulent and deceitful recommendation of a person as worthy of credit whereby goods were obtained, abuse of the garnishee process which injured the bankrupt's business, assault and battery, slander, and the like. *In re Crockett*, 2 N. B. R. 208; *Noonan* v. *Orton*, 12 N. B. R. 405; *Dillard* v. *Collins*, 25 Gratt. 343.

The action before us is one for pecuniary damages arising from alleged false representations made to the bankrupt and to his assignees, through which the bonds deposited as security for the payment of the notes of one of the defendants were given up. So far as it may be contended that the plaintiff has succeeded to any right of action the bankrupt may have had, it is clear, we think, that this *chose in action* did not pass to the assignees, and therefore did not pass to him; and, so far as it may be claimed that this is a right of action that accrued to the assignee personally, we fail to discover any authority in the bankrupt act, or otherwise, for them to assign an action of this character. The right to complain of a fraud is not a merchantable commodity, say the court in *De Hoghton* v. *Money*, L. R. 2 Ch. App. 164.

Here such right has not only been sold once, but the first purchaser sells it to a second, who then brings suit in his own name.

Demurrer sustained.

See the right of action for fraud is not assignable. *Dickinson* v. *Seaver*, 44 Mich. 624; S. C. 7 N. W. Rep. 182.