## In re SHENBERGER.

### (District Court, N. D. Ohio, E. D. June 1, 1900.)

BANKRUPTCY—ASSETS—ESTATE IN REMAINDER IN LANDS.
    Under a devise to S. during life, with remainder to her husband, provided that upon the death of either of such devisees the share so devised to him shall be equally divided between his children if living, the husband has an interest in the property devised, during the life of S. and while having children living, that should be included in his schedule of assets in proceedings in bankruptcy.

In Bankruptcy.

F. C. Semple, for petitioner.

J. P. Henry, for creditors.

RICKS, District Judge. This case comes before the court upon exceptions to the action of the referee, and upon the petition to review the action of the referee and the exceptions to the application for the discharge of the bankrupt. The only question before the court is whether the bankrupt should have included in his schedules a certain interest which he had in lands, a part of which came to him by will and under the law of descent.

An agreed statement of facts is filed, which enables the court to consider briefly the exact matter in contention between the creditors and the bankrupt. This agreed statement of facts shows the following: That the said Shenberger is a resident of Ashland county, Ohio, married, the father of living children, and occupying a 50-acre tract of land under the will of his father, Michael Shenberger, and not the owner of other real estate,—a copy of said will being attached to the exceptions filed in this case by Emma Gongwer; and it is conceded that said will was duly probated in the probate court of Ashland county, as provided by the laws of Ohio. It is further conceded by the exceptor that the return as made by the bankrupt as to his assets did not include any real estate for the reason of advice by counsel that he was not the owner of said tract in controversy, and had no interest therein that could or would pass to any trustee appointed under the bankruptcy act, and that the failure to set out said land in the schedule was not a fraudulent statement of his true condition. The will

of Michael Shenberger, hereinbefore referred to, in item 1 provides that Rowanna Shenberger, his wife, shall have all the real and personal property during life; and item 3 provides that, on her death, the 50-acre tract in controversy shall pass to the bankrupt, Peter J. Shenberger, conditioned by item 4 of said will, as follows:

"That, should any of my said children die, then and in that case the share so devised to such child shall be equally divided between their children then living."

It is contended by the creditors of the bankrupt that, under the bankruptcy law:

"The title to all property which the bankrupt could by any means have transferred, or which might have been levied upon and sold under judicial process against him [under the laws of Ohio], passes to the trustee."

The test as to whether the property is of a character to pass, or not, depends upon the local laws governing the situation. If of such character that it is subject to levy and sale as property of the bankrupt under local laws, it passes to the trustee; otherwise, it does not. In Robbs v. Smith, 15 Ohio St. 419, the following language is found in the opinion of the court, by Judge Welch:

"The general object of the testator seems to have been to give the devisee an absolute ownership of the land, and yet to shield it from the payment of his debts. This is simply impossible. The law makes what a man owns, whether held by legal or equitable title, liable to the payment of his debts, unless it be property specially exempted. No legal acumen or skill can evade this policy of the law, and, as often as it is attempted, it must result in one of two things,—either in the devisee taking nothing by the will, or in leaving what he does take liable for the payment of his debts. The liability attaches to the ownership, and it is beyond the power of any draftsman to invent a form of devise or conveyance that shall separate them."

Accepting this as the spirit in which an interest in these lands passed to the bankrupt, and accepting the test given, to wit, that if any interest in any of the property not scheduled could be reached by the creditors proceeding under the Ohio statutes, I think the bankrupt had an interest in the property referred to which should have been included in his schedule of assets. The action of the referee is therefore set aside, and the exceptions sustained, with direction to correct the schedules as provided by law.