### BOYCE v. ODELL COMMISSION CO.

(Circuit Court, D. Indiana. March 26, 1901.)

No. 9,910.

COMPLAINT—SINGLE CAUSE OF ACTION.

> Though gambling on margins continued from day to day for three months, a complaint to recover the money lost therein may plead it all in a single paragraph as a single cause of action, a single and continuous purpose evidently running through the entire transaction.

Harvey, Pickens, Cox & Kahn, C. L. Medsker, and Warner & Brady, for plaintiff.

Shay & Coga and Ryan & Ryan, for defendant.

BAKER, District Judge. This is an action to recover money alleged to have been lost in gambling on options. The complaint alleges that the defendant is indebted to the plaintiff in the sum of $3,449.14 for various sums of money had and received by the defendant of the plaintiff for his use and benefit that are due and unpaid, a bill of particulars of which is filed as part of the complaint; that each of said sums was paid by the plaintiff to the defendant within six months immediately preceding the commencement of the suit as and under a bet or wager made by the plaintiff with the defendant at the time of such payment and delivery in and on a certain game commonly called a "bucket-shop game," in futures, options, and margins, in which game bets and wagers are and were made upon transactions for fictitious delivery in the future upon options, and in which game the bets and wagers are called "margins"; that said game was carried on and said bets and wagers were made in the form of pretended and fictitious contracts of sale or purchase for future delivery of stocks, grain, provisions, cotton, or other commodities, with the intention and understanding on the part of both the defendant and the plaintiff that no stocks, grain, provisions, cotton, or other commodities should be delivered to or for the plaintiff or the defendant, but that settlement should be made between the plaintiff and the defendant by paying the difference between the market price at the time of settlement or at the time of the pretended maturity of the pretended and fictitious contracts of sale and the prices agreed between the plaintiff and defendant at the time such bet or wager was made; that each of said sums was paid and delivered, and each of said bets and wagers was made, and said game carried on, at Muncie, Ind.; that by reason of these facts a cause of action has accrued in favor of the plaintiff under and by virtue of the act of the general assembly of the state of Indiana approved June 11, 1852, entitled "An act touching gaming contracts," upon which act this action is founded.

The account filed with the complaint contains 47 items, commencing on February 2, 1900, and ending on April 26, 1900, disclosing almost daily transactions. The defendant has moved the court to require the plaintiff to separate his complaint into paragraphs, and to number the same. If the motion is sustained, it would require the plaintiff to file a complaint containing 47 paragraphs. Rules of pleading are established to promote the ends of justice, and the observance of no technical rule ought to be so inflexible as to defeat this purpose. It is not claimed by counsel, nor, in the opinion of the court, could it be successfully claimed, that the defendant will be put to any disadvantage in trying the entire case on a single paragraph of complaint, while to require the plaintiff to prepare and file a complaint containing 47 paragraphs would impose needless labor without profit, and would prove a useless incumbrance of the records of the court. It is oftentimes a nice and difficult question to determine when a given state of facts may be pleaded in a single paragraph as a single cause of action, and when those facts must be set out in separate paragraphs. In the present case the court is of opinion that the facts stated in the complaint constitute one continuous transaction, which is properly pleaded in a single count. The bets or wagers were

all· in ·pursuance of a common purpose to carry on a scheme of gambling in margins. These different bets and wagers, it seems to the court, are no more separate and distinct causes of action than would be the different bets or wagers of two gamblers who spend a night in gambling. They may make 50 separate and distinct bets during the night, but it cannot be doubted that all such losses might be sued for and recovered in a complaint containing a single paragraph. Here the gambling began February 2, 1900, and continued from day to day until April 26, 1900. One single and continuous purpose evidently· ran through the entire transaction. This view seems to find ample support in the cases decided in this and other states, a few of which. are here referred to. In Ray v. Railway Co., 25 Mo. App. 104, it is· held that damages for repeated acts of trespass by cattle may be sued for in one count. In Young v. Gentis, 7 Ind. App. 199, 32 N. E. 796, it is ruled that several trespasses may be counted on in· a single paragraph, where they are all parts of one plan to drain the defendant's. land through the lands of the plaintiff. A series of illegal acts of discrimination by a common carrier against a shipper constitute only one cause of action, and the several acts need not be stated in separate paragraphs. Langdon v. Railway Co. (Sup.) 15 N. Y. Supp. 255.. A complaint alleging that the defendant, by his artifices and persuasions, seduced the plaintiff, and induced her to have sexual intercourse· with him at various times during the period of several years, from which she became pregnant on two occasions, and that on each occasion he and his co-defendant conspired together and induced her to, submit to an operation to prevent childbirth, and the consequent exposure of the defendant, states but a single cause of action. Gunder v. Tibbits, 153 Ind. 591, 55 N. E. 762. In this case the plaintiff undoubtedly could have brought a number of separate suits for the separate wrongs of the defendant, if she had elected so to do. In an action against the directors of a bank the complaint may allege in one count various acts of negligence, and also participation in the frauds. of an officer, by means of which the bank's funds were embezzled. Smith v. Rathbun, 22 Hun, 150. When a trespass is continuous, as in the trespass of cattle upon land day after day, there is only one cause of action ·either ·with respect to the means by which the trespass is committed or as regards the time of its commission. De La Guerra v. Newhall, 53 Cal. 141. A series of wrongful acts, all aiming at a single result, and contributing to the injury complained of, to wit, the destruction of one's business credit and reputation, may be counted on collectively as producing that result in an action on the case. Oliver v. Perkins, 92 Mich. 304, 52 N. W. 609. The case of Railroad Co. v. Wolcott, 141 Ind. 267, 39 N. E. 451, was an action for the recovery of damages for several hundred breaches of duty by the railroad in refusing to furnish cars to the plaintiff, and covering a period of nearly six years. It was held that these various breaches of duty were properly sued for in a single paragraph of complaint. In Gaff v. Hutchinson, 38 Ind. 341, it is held that different items in an account, having no connection with each other, may be joined in one paragraph, either in a complaint, or in an answer by way of set-off. In Reg. v. Bleasdale, 2 Car. & K. 765, a lessee of a coal pit was char-

ged in one count with stealing coal, the property of 30 different persons, who had mines in the vicinity of his, into which he caused his men to work and take the coal. It was urged that a single count charging the larceny of coal of several persons and at different times was bad for duplicity. But the court held that the different workings might be relied on to show the felonious intent, although they extended into 20 different counties, and extended over 20 years, if the mining operations were continued for that length of time, as the whole forms but one criminal transaction. In overruling the motion the court is announcing no new doctrine, for its ruling is well supported both by reason and by the foregoing authorities. Motion overruled, and defendant ruled to answer within 15 days.