CLARK, Respondent, vs. SLAUGHTER and another, Appellants.

*October 15—November 7, 1906.*

*Gaming: Recovery of money lost: Pleading: Variance: Waiver: Evidence: Court and jury.*

1. In an action under sec. 4532, Stats. 1898, the complaint alleged loss of money to defendants at roulette, but the evidence showed its loss at another game. There was no objection to the evidence on that ground, and the case was tried through-

out as if the particular means by which the money was lost was not material. *Held*, that the variance was waived and that on appeal, so far as necessary to sustain the judgment, the complaint will be treated as amended.

2. Evidence showing, among other things, that defendants were the proprietors of the establishment where plaintiff lost his money; that apparently the persons who dealt therein with plaintiff were defendants' employees; that the money lost went into the drawer of the table at which the games were played; and that at the close of business it was taken charge of by one of the defendants, is *held* sufficient to take the case to the jury on the question whether defendants were the winners of plaintiff's money, although there was no direct evidence that the persons who attended said table were employees of defendants.

3. Evidence as to the amount of money lost by plaintiff, though not very certain as to the precise amount lost on each occasion and not wholly consistent, is *held* sufficiently definite to enable the jury to name a sum which, to a reasonable certainty, was lost as claimed.

4. The complaint contained a bill of particulars of specified sums lost on specified dates, but the case was tried and evidence of losses given, without objection, as if there were no bill of particulars. *Held*, that the variance was waived and that the verdict for plaintiff was not excessive merely because not limited to proven items from the bill of particulars.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Action under sec. 4532, Stats. 1898, to recover money alleged to have been lost at gambling.

The complaint stated in substance this: Defendants during the times mentioned were copartners in operating a gambling house in the city of Milwaukee. Various methods of gambling were carried on, among them gambling by the use of a roulette wheel, whereby the loss went to the defendants. Plaintiff between March 28, 1904, and March 10, 1905, lost on the said roulette wheel specified sums of money aggregating $788. Such money was received and retained by the defendants though a return thereof before suit was demanded.

The defendants answered by a general denial.

The cause was submitted to the jury on the evidence and

Clark v. Slaughter, 129 Wis. 642.

a verdict was rendered in plaintiff's favor for $748. Motions for judgment in defendants' favor notwithstanding the verdict and for a new trial were made. Both motions were denied and judgment was thereupon rendered in plaintiff's favor. The defendants appealed.

For the appellants there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.*

*Harry M. Silber,* for the respondent.

MARSHALL, J. It is said by appellants' counsel that there was a fatal variance between the evidence and the complaint. The *gravamen* of the charge was that during the time mentioned the respondent lost a specified amount of money to the appellants at gambling. There was ample evidence that he so lost money in a place kept by defendants, but it was conceded that the loss happened while he was playing at the gambling game of craps instead of, as alleged, on a roulette wheel. There was no objection, however, to the evidence or the submission of the case to the jury on that ground. The cause proceeded from the beginning to the end as if the particular means of gambling by which the money was lost was not material. Under those circumstances the variance must be deemed to have been waived by appellants. *Matthews v. Baraboo,* 39 Wis. 674; *Russell & Co. v. Loomis,* 43 Wis. 545. The trial court might and would have ordered the complaint amended had attention been called to the matter and a request been made therefor. On appeal, as indicated in the cases cited, the complaint must be treated as amended, so far as necessary to sustain the judgment.

Sec. 4532, Stats. 1898, under which the action was brought provides:

"Any person who, by playing at any game, . . . shall have put up, staked or deposited with any stakeholder or third person any money, property or thing in action, or shall have lost and delivered the same to any winner thereof may,

within three months after such putting up, staking or depositing, sue for and recover the same from such stakeholder or third person whether such money, property or thing in action has been lost or won or whether it has been delivered over by such stakeholder or third person to the winner or not, and may, within six months after any such delivery by such person or stakeholder, sue for and recover such money, property or thing in action from the winner thereof if the same has been delivered over to such winner; and if he shall not so sue for and recover such money, property or thing in action within the time above limited then any other person may, in his behalf and in his name, sue for and recover the same for the use and benefit of his family . . . from the winner thereof within one year from the delivery thereof to such winner."

The claim is made that no cause of action was established by the evidence under said section, because the proof did not show that appellants were the winners of respondent's money and that they received the same. True, the evidence was not very definite on those points, though it seems there was enough to carry the case to the jury under the rule that where the evidence of the plaintiff in any reasonable view of it, according thereto the most favorable inferences in favor of the plaintiff which it will reasonably bear, will sustain a finding in his favor and there are reasonable inferences conflicting therewith, the case should be sent to the jury for a determination of the truth of the matter involved, and the determination thus made, confirmed by the judgment of the circuit court, should not be disturbed on appeal. *Cawley v. La Crosse C. R. Co.* 101 Wis. 145, 77 N. W. 179; *Imhoff v. C. & M. R. Co.* 22 Wis. 681; *Dodge v. McDonnell,* 14 Wis. 553.

There was ample evidence that appellants were the proprietors of the establishment where respondent claimed to have lost his money; that the appearances in the operation of such establishment were that the persons who dealt with respondent were appellants' employees; that there was one person

called a "banker" and one called a "dealer;" that the money lost went into a drawer in the crap table, and when the business of the day was over it was taken charge of by one of the appellants. They made no explanation of those circumstances. In that situation, notwithstanding there was no direct evidence that the persons who attended the crap table were appellants' employees, it was reasonably inferable that they were, and that the winnings deposited in the table went to appellants.

It is contended that the evidence was not sufficiently definite as to the amount of money lost to appellants to remove the question in regard thereto from the realms of mere conjecture, and, therefore, that the rule laid down in *Hyer v. Janesville,* 101 Wis. 371, 77 N. W. 729, and similar cases should have been applied by taking the case from the jury on appellants' motion.

It is not considered that the evidence was so weak as to leave the jury no legitimate basis for a verdict. There was ample evidence that respondent lost considerable sums of money to appellants during the period covered by the complaint and on or about the particular dates therein mentioned. He testified to such sums aggregating $520, and testified generally to having lost to appellants during such period as much as $800. True, the evidence was not very certain as to the precise amount lost on each occasion specified in the complaint, and respondent's evidence at some points was inconsistent with his evidence at others. For example, he testified that his earnings were $90 per month, and the amount he claimed to have lost at gambling during some months with the amount he testified to having used otherwise during the same times considerably exceeded his wages, but all such matters were for the jury to consider. They were reconcilable to the extent of enabling the jury to name a sum which to a reasonable certainty was lost as claimed, and that was sufficient to carry the case to them.

· The further claim is made that the verdict is excessive.
It seems that such claim has good support in the record, if
the amount recoverable must be confined to the bill of par-
ticulars contained in the complaint.   The action was not
brought merely to recover $788 lost by respondent to appel-
lants at gambling during the time stated in the pleading.
The purpose was to recover specified sums of money so lost
on specified dates, all aggregating $788.   Of such sums, ex-
cluding one which was without the year period covered by
the action, testimony was given as before indicated as to only
$520.   Such evidence was in substance as follows:

"In May I lost about $40.   About the 1st of July I lost
in the neighborhood of $50.   The latter part of July I lost
$20, I guess.   In August I lost in the neighborhood of $30
or $40.   In October the same year I lost about $50.   In No-
vember thereafter I lost $80.   In December following, I
think about the 20th, I lost $80.   In January thereafter I
lost $60, the February succeeding $80, and in March there-
after $30."

In view of the foregoing, if the recovery were to be con-
fined to the allegations of the complaint as to the specific
sums lost, it is difficult to see how a verdict of more than
$520 could be justified on the most favorable view for re-
spondent that can be taken of the evidence.   But it does not
appear that the trial was conducted on the theory that only
evidence of the losses specifically stated was proper.   With-
out objection, the proceedings upon the trial were substan-
tially as if no bill of particulars was contained in the com-
plaint.   Evidence was given without objection to the effect
that during the year preceding the commencement of the ac-
tion respondent earned $1,080; that the amount he paid
therefrom to his family did not exceed $300, and that the
balance, in the main, he lost at gambling at appellants' place.
True, there was some evidence that a greater sum than $300
was paid to the family, but we must look at the evidence as
a whole in the most favorable light it will reasonably bear

for respondent. He testified at one point that he did not think he lost any money at appellants' place in September, though $60 of the sum alleged in the complaint to have been so lost was laid out in that month, but he also testified:

"I was there once or twice, sometimes three or four times, a month when I had money. I wish to be understood that throughout the year from March 10, 1904, to March 10, 1905, I gambled through every month. My loss for the year aggregated somewhere around $800."

He repeated several times the statement that he lost at appellants' place in all the sum mentioned. He further testified to the effect that he made the statement contained in the complaint a year before the preceding March, from his then best recollection; that he might have lost other sums than those specifically mentioned in his testimony; that he could not remember accurately particular dates and amounts. There being no objection at any time to the wide departure in the evidence from the particular items stated in the complaint, the variance between such evidence and the pleading must be regarded as immaterial under the rule heretofore stated in this opinion. The motion for a nonsuit and that for a new trial cannot be regarded as such an objection. When the evidence came in there was no objection, and the subsequent motions appear to have been based wholly on indefiniteness in the evidence.

Viewing the case as it was tried, viz., as one to recover, without strict regard to the bill of particulars, $788 lost during a year preceding the commencement of the action in gambling operations, without any preconceived notion of enforcing restitution of the loss, the evidence was about as definite as could be expected.

Of course, it was the duty of the jury in making up the verdict to place the amount of loss at a sum sufficiently low as not to rest on mere conjecture, but the rule is, as suggested, that on appeal a judgment cannot be reversed for want of

evidence to support the verdict upon which it is based, unless it clearly appears that there is no credible evidence which, in the most favorable view that can reasonably be taken of it, will support such verdict. *Bohn v. Racine,* 119 Wis. 341, 96 N. W. 813. As there said, in case of room for conflicting reasonable inferences on the record as it comes to us, as to whether there was evidence warranting the verdict, a proper regard for the deliberate judgment of the circuit court refusing to set the verdict aside and grant a new trial should incline us to the view that it is right.

The evidence was quite like that in *Lear v. McMillen,* 17 Ohio St. 464, cited to our attention by counsel for respondent, where the court very properly said:

"We perceive [no] objection to allowing a recovery in one action, for the aggregate sums lost at different times, or for the sum of losses between certain dates, without showing the particular dates or amounts of each loss. . . . The [respondent] was entitled to recover of the [appellants] all the money they had won from him, and what the whole amount was, must be arrived at by the best evidence the nature of the case will admit."

That does not go so far as to allow a recovery upon mere conjecture. The result must be limited to such sum as can be seen from the evidence, with some reasonable degree of definiteness, to be proper. We cannot say that it appears with clearness sufficient to disturb the decision of the trial court that it was not so limited in this case.

*By the Court.*—The judgment is affirmed.