## BONVILLAIN v. AMERICAN SUGAR REFINING CO. et al.

### (District Court, E. D. Louisiana.   January 8, 1918.)

1. BANKRUPTCY ⊂⊃145(4)—PROPERTY PASSING TO TRUSTEE—RIGHT OF ACTION FOR VIOLATION OF ANTI-TRUST LAWS.

The right of action of a plaintiff in an action to recover threefold damages under Act Aug. 27, 1894, c. 349, § 77, 28 Stat. 570 (Comp. St. 1916, § 8835), for violation of the anti-trust laws, is one sounding in tort, is not assignable, and does not pass to the plaintiff's trustee in bankruptcy.

2. BANKRUPTCY ⊂⊃156—RIGHTS AND REMEDIES VESTING IN TRUSTEE—RECOVERY OF PROPERTY ASSIGNED BY BANKRUPT.

Where more than four months prior to his bankruptcy a bankrupt for value assigned his interest in a pending suit in which he was plaintiff and did not schedule such interest in the bankruptcy proceedings, notice of the assignment given to the defendant in the suit, required under the state statute to complete it as to third parties, although not given until after the bankruptcy, made it effective as against the bankrupt's trustee who had taken no steps to reduce the cause of action to possession, and he acquired no right therein by a subsequent intervention in the suit.

At Law.   Action by Arthur A. Bonvillain against the American Sugar Refining Company and others.   On motion of defendants to determine the right to a fund deposited in court on a compromise settlement.   Fund awarded, subject to agreement as to attorney's fees.

See, also, 232 Fed. 370.

In November, 1913, Arthur A. Bonvillain, a sugar planter, filed a suit against the American Sugar Refining Company and Jackson T. Witherspoon to recover triple damages under the Sherman Law.   The theory of the case was that the defendants by fraudulent and fictitious sales and other fraudulent practices had unlawfully depressed the sugar market, in pursuance of a conspiracy to monopolize the sugar industry, and had caused him to sell his crop at the unnatural market price, for many years, for less than he would have otherwise received, whereby he had lost $456,000.

In March, 1914, together with other property, he transferred all his rights in the suit to the Home Place Planting & Manufacturing Company, hereafter called the "planting company," and received a note of $4,085 in payment for same.   This note he subsequently transferred to his wife by notarial dation en paiement.   In July, 1915, Bonvillain was adjudicated a bankrupt.   He did not surrender his interest in the pending suit.   In due course H. B. Howell was elected trustee.   In April, 1917, and not before that date, defendants in the suit were given notice of the assignment by Bonvillain to the planting company.   On June 30, 1917, on his own motion, the trustee was substituted as party plaintiff by ex parte order of court.

After that the suit was compromised, pursuant to an agreement between Bonvillain and the defendants, for $5,674.91, and the defendants filed a motion in the nature of an interpleader, calling upon the trustee. Bonvillain, and the planting company to show their respective interests in the fund, if any, and the amount was deposited in the registry of the court.   The awarding of the fund to the proper party is the matter before the court.   The case is submitted on an agreed statement of facts.   Those necessary to its decision are as above set out.

F. Rivers Richardson, of New Orleans, La., Caffery, Quintero & Brumby and C. F. Borah, all of Franklin, La., and Henry G. Bloch, of New Orleans, La., for plaintiff.

Carroll, Henderson & Carroll and Denegre, Leovy & Chaffe, all of New Orleans, La., for defendants.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

FOSTER, District Judge (after stating the facts as above). [1] The bankrupt contends that his rights in the suit are personal and non-assignable, and hence did not pass to the trustee at all. The trustee disputes this and contends that, as no notice of assignment was given the defendants in the suit until after Bonvillain was adjudicated a bankrupt and his trustee elected, the assignment is void and the cause of action passed to the trustee as an asset of the estate.

It is conceded that if the claim is not assignable it did not pass to the trustee; and there is no question that, under the law of Louisiana, notice to the debtor is necessary to complete the assignment of a chose in action as to third persons. Merrick's Civil Code, arts. 2642–2643, and authorities cited.

On the first point the bankrupt relies upon the case of Caillouet v. American Sugar Refining Co. et al. (No. 14815 of the docket of this court) 250 Fed. 639, in which I had occasion to pass upon this identical question as an original proposition and held that the claim was not assignable.

The trustee vigorously disputes the soundness of that decision and cites the cases of the United Copper Securities Co. v. Amalgamated Copper Co., 232 Fed. 574, 146 C. C. A. 532, and Imperial Film Exchange v. General Film Co. (D. C.) 244 Fed. 985. Both are cases dealing with claims arising under the Sherman Law and are undeniably to the contrary. In the first case cited the facts do not clearly appear and it is difficult to determine just how the damage arose. In the second case, the opinion of Judge Hough is lucid and persuasive, but it would seem that the plaintiff company was dissolved, and put entirely out of business by the conspiracy against it. As I took occasion to remark in the Caillouet Case, supra, some causes of action arising under the Sherman Law might be assignable and others not. It is quite probable that in the two cases relied on by the trustee there was actual damages to the property of the plaintiffs. If not, these cases seem to overlook the fact that the action is analogous to the common-law action of deceit which as a rule did not survive, the exception being where there was actual injury to property. If it could be considered there was injury to Bonvillain's property in this case, it was purely constructive.

It may be considered settled that whether an action ex delicto is assignable depends upon whether it is heritable, and vice versa. This is clearly pointed out by Judge Hough in his opinion in the Imperial Film Case, supra. The case of Henshaw v. Miller, 17 How. 211, 15 L. Ed. 222, was a suit to recover damages for fraudulently recommending to plaintiff by letter one Porter Robinson as a person worthy of confidence, whereby the plaintiff made a sale on credit with resulting loss. The court discusses the common law and finds right of action only where there is actual injury to personal property whereby that property has been rendered less beneficial to the executor, and held that the action did not survive the death of the wrongdoer. In the case of Tufts v. Matthews (C. C.) 10 Fed. 609, in a well-reasoned opinion by Judge Colt, it was held that the right of action for damages for a deceit is not assignable and does not pass to the assignee of the

bankrupt. In Cleland v. Anderson, 66 Neb. 252, 269, 92 N. W. 306, 96 N. W. 212, 98 N. W. 1075, 5 L. R. A. (N. S.) 136, the cause of action arose under a statute of Nebraska giving a right of action to any one injured in any way by an unlawful combination to suppress competition. The case went off on the Nebraska statute, but the court concluded that such a cause of action was personal and not assignable at common law.

In Murray v. Buell, 76 Wis. 657, 45 N. W. 667, 20 Am. St. Rep. 92, the court held that a cause of action arising out of a conspiracy to monopolize the coal business of the city and to drive the plaintiff out of business, was not assignable at common law.

[2] Considering the facts in this case and the decisions above quoted, I prefer to adhere to my former ruling, and therefore to decide that the right of action in this case was not assignable and did not pass to the trustee. However, as the question of whether a cause of action arising under the Sherman Law may be assigned must be considered open until settled by the clear weight of authority or a controlling decision, it is necessary to pass on the other questions in this case.

As between the bankrupt and the planting company, no notice to the debtor was necessary to complete the assignment. Having made a transfer of his rights for value, the bankrupt is estopped to deny their assignability. Prior to the amendment of 1910 to the Bankruptcy Act the trustee stood in the shoes of the bankrupt and took his property subject to all claims, liens, and equities. Zartman, Trustee, v. First National Bank, 216 U. S. 134, 30 Sup. Ct. 368, 54 L. Ed. 418. The amendment of June 25, 1910 (c. 412, § 8, 36 Stat. 840), to section 47, Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 557 [Comp. St. 1916, § 9631]), materially changed the status of the trustee. By it he is given a lien on all property in the custody of the court, and as to all property not in the custody of the bankruptcy court he is to be "deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

In Louisiana the rights of a person in a pending suit may be seized under execution by a judgment creditor (C. P. 647), and therefore the term "property" is broad enough to cover the cause of action in this case, conceding purely for the sake of argument that it vested in the trustee. But it was not surrendered by the bankrupt and could not be considered in the custody of the bankrupt court. Therefore no lien attached automatically in favor of the trustee by virtue of the adjudication. He had the rights of a judgment creditor, but that amounted to nothing unless he took steps to enforce them.

By section 11 C, Bankruptcy Act (Comp. St. 1916, § 9595):

"The trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication, with like force and effect as though it had been commenced by him."

In order to reduce the cause of action to possession, it was only necessary for the trustee to intervene in the suit as he has done. There was no way he could issue execution on a hypothetical judgment. However, when the trustee intervened in the suit, notice of the as-

signment had been given to the defendant and the assignment was complete as to third persons. It therefore follows that the trustee took nothing by his intervention.

There will be a judgment awarding the fund to the planting company, subject to the agreement between the parties as to attorney's fees for prosecuting the case.