**CHARNESS v. KATZ et al.**

**Civ. A. No. 910.**

District Court, E. D. Wisconsin.

Jan. 23, 1943.

Gold & McCann and E. M. Sullivan, all of Milwaukee, Wis., for plaintiff.

Becker & Meldman and Edward H. Meldman, all of Milwaukee, Wis., for defendants.

DUFFY, District Judge.

The matter before the court is a motion by the defendants to dismiss the complaint because it fails to state a claim against the defendants upon which relief can be granted.

The complaint alleges that the plaintiff is the duly appointed and qualified trustee of the bankrupt, and that the referee in bankruptcy has ordered him to commence the action in question. The residence of all three defendants is alleged to be in Milwaukee, Wisconsin. The matter in controversy is alleged to exceed $3,000. The complaint then continues: "Upon information and belief the bankrupt above named, between the dates of August 4, 1941, and August 17, 1942, by playing at the game of dice lost and delivered to the said defendants the sum of eleven thousand dollars ($11,000.00)."

The action is apparently brought under Sec. 348.10, Wisconsin Stats., which reads in part as follows: "Recovery of money wagered. Any person who, by playing at any game or by betting or wagering on any game, * * * sport or pastime or on the issue or event thereof * * * shall have put up, staked, or deposited with any stakeholder or third person any money, * * * or shall have lost and delivered the same to any winner thereof may * * * within six months after any such delivery by such person or stakeholder, sue for and recover such money, * * * from the winner thereof if the same has been delivered over to such winner; and if he shall not so sue for and recover such money * * * within the time above limited then any other person may, in his behalf and in his name, sue for and recover the same for the use and benefit of his family or his heirs, in case of his death, from such stakeholder or third person if the same is still held by him, within six months after such putting up, staking or depositing, or from the winner thereof within one year from the delivery thereof to such winner."

The action was commenced on December 14, 1942, which is within six months of the date last mentioned in the complaint but

considerably more than six months from the first date specified.

 There is authority for holding that as a matter of proper pleading it is not necessary to set forth the specific days and dates upon which the losses were incurred. Clark v. Slaughter, 129 Wis. 642, 109 N.W. 556; Boyce v. Odell Commission Co., C.C., 107 F. 58. These authorities do not hold, however, as plaintiff contends, that the statute of limitations would be suspended for the entire period. If the trustee may bring this action at all, recovery · would have to be confined to those losses which were sustained within the six months prior to December 14, 1942.

The important question to be decided is whether the cause of action which existed in the bankrupt now exists in the trustee. Sec. 70 of the Bankruptcy Act, Title 11 U.S.C.A. § 110, provides: "The trustee * * * shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition in bankruptcy * * * to all * * * (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered; Provided, That rights of action ex delicto for libel, slander, injuries to the person of the bankrupt or of a relative, whether or not resulting in death, seduction, and criminal conversation shall not vest in .the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process; * * * (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property; * * *."

 The determination of the question whether the cause of action passes to the trustee under clauses (5) or (6) depends on Wisconsin law. In re Berry, D. C., 247 F. 700; In re Shenberger, D. C., 102 F. 978; In re Martin, 6 Cir., 47 F.2d 498. Incidents of alienability of personal property are determined in the federal courts according to local law. Dooley v. Pease, 180 U.S. 126, 21 S.Ct. 329, 45 L.Ed. 457.

The statute itself gives no light as to whether the cause of action therein given is assignable within the first six months' period. In the only case in which the Wisconsin Supreme Court discusses this statute (Clark v. Slaughter, supra), no reference is made to that point.

 It is a recognized principle in bankruptcy law that the right of redress for wrongs to the bankrupt's person, feelings, or reputation does not belong to his creditors. In re Gay, D.C., 182 F. 260. But I am of the opinion that the cause of action given by Sec. 348.10, Stats., does not come within this category.

It has been held in Wisconsin that a trustee in bankruptcy of a chattel mortgagor is entitled to maintain an action to recover damages sustained by a mortgagee's invalid sale of a machine under chattel mortgage on a date prior to the adjudication in bankruptcy as against the contention that liability for violating the statute was solely to the person personally liable for the indebtedness and that the right to redeem from foreclosure sale under the chattel mortgage was a privilege personal to persons mentioned in the statute. Schwemer v. Citizen's Loan & Investment Co., 225 Wis. 46, 272 N.W. 673. It was also held that obtaining money or other property from the bankrupt by false representations or fraud give rise to rights of action that pass to the trustee. McGovern v. Eckhart, 200 Wis. 64, 227 N.W. 300, 67 A.L.R. 1381.

In other cases it has been held to be a "right of action for injury to property" passing to the trustee, that a bankrupt has lost money in carrying out a contract induced by false representation. In re Harper, D.C., 175 F. 412. A bankrupt's right of action against a creditor insurance company for falsely representing that the policy did cover a specific customer to whom the bankrupt sold goods on the eve of customer's bankruptcy passed to his trustee. Connolly v. National Surety Co., 35 Ohio App. 76, 171 N.E. 870. A right of action for damages for falsely recommending as worthy of credit a person to whom a bankrupt sold goods was held to pass to the trustee. In re Brick, D.C., 4 F. 804. Rights of action for violation of the antitrust law have been held to pass to the trustee. Hicks v. Bekins Moving & Storage Co., 9 Cir., 87 F.2d 583; Moore v. Backus, 7 Cir., 78 F.2d 571, 101 A.L.R. 379. An action for loss caused by an unfair and one-sided contract passes to the trustee. Henderson v. Binkley Coal Co., 7 Cir., 74 F.2d 567.

While none of the authorities cited covers the situation which we have presently before us, nevertheless they are persuasive as to the proper construction to be placed upon the statute. If, in fact, the bankrupt did lose $11,000 by gambling, it undoubtedly was the direct cause of his bankruptcy. Such damage is to be classed with damage to property, rather than with damage to the feelings or to the person; and the right to recover granted by the statute must be held to pass to the trustee.

An order may be entered denying defendants' motion to dismiss, and likewise denying defendants' motion for a bill of particulars.