GEORGE W. JENKS, administrator, *vs.* CHARLES E. HOAG.

Hampden.    September 24, 1901. — October 17, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Action,* Survival.

If an action lies against an attorney at law for conspiring with a client under examination as a poor debtor to prevent, by false testimony of the client, certain money of the client from being taken on execution, such an action does not survive under Pub. Sts. c. 165, § 1, the injury not being "damage done to real or personal estate " within the meaning of that statute.

TORT to recover damages for an alleged conspiracy of the defendant, an attorney at law, with his client under examination as a poor debtor, to prevent, by false testimony of the client, the plaintiff's intestate from obtaining an order for the application of certain money of the client in satisfaction of an execution held by the plaintiff's intestate against her. Writ dated March 17, 1900.

The plaintiff's declaration alleged in substance, that the plaintiff's intestate recovered a judgment against Charles W. Shaw and Jennie G. Shaw; that execution thereon was duly issued and demand made upon the judgment debtors for payment, which was refused; that thereafter Jennie G. Shaw was cited to appear and submit to an examination regarding her property; that she appeared and that the defendant acted as her attorney; that at the beginning of the examination she owned a half interest in a certain partnership, which half interest was worth $300 and was more than sufficient to satisfy the judgment; that during the progress of the examination she sold her interest in the partnership and received therefor $300, which was not exempt from execution; that the defendant, with full knowledge of the premises, conspired with the above named Jennie G. and Charles W. Shaw to conceal this property and to deceive the court as to the judgment debtor's condition; that Jennie G. Shaw in the presence of the defendant, and with his knowledge and assent, in answer to interrogatories submitted to her during the examination, stated that she had no property not exempt from execution except the partnership interest, which was of little or no value; that the defendant with knowledge of the sale of the partnership interest and the amount of money obtained therefor, presented a statement to the court, signed by Jennie G. Shaw and sworn to before the defendant as a justice of the peace, to the effect that only $40 had been realized from the sale of the partnership interest, which money had all been expended; that by reason of this conspiracy and the acts of the defendant the court was deceived and induced to believe that Jennie G. Shaw had no property not exempted from execution, and withheld its order requiring her to produce sufficient of her money to satisfy the judgment of the plaintiff's intestate, whereby the judgment was rendered worthless.

The defendant demurred to the declaration and also answered. The plaintiff demurred to the defendant's answer and also replied.

In the Superior Court, *Aiken,* J., sustained the demurrer to the declaration and gave judgment for the defendant; and the plaintiff appealed.

J. L. *Rice,* for the plaintiff.

C. E. *Hoag* & S. S. *Taft,* for the defendant.

KNOWLTON, J. This case is before us on the plaintiff's appeal from an order sustaining the defendant's demurrer, and directing a judgment for the defendant. A question much discussed by the parties is whether the averments of the declaration state a case of damage directly resulting from the defendant's wrong, which can be the foundation of a judgment in an action of tort. The allegations of the declaration virtually charge the defendant with subornation of perjury. He is accused of having conspired with his client to present false testimony which should prevent the plaintiff's intestate from obtaining an order for the payment to him of a sum of money. The defendant contends that this case is governed by the decisions in many cases which hold that no action lies for conspiring with a debtor to fraudulently dispose of his property to keep it away from his creditors. See *Lamb* v. *Stone,* 11 Pick. 527; *Wellington* v. *Small,* 3 Cush. 145; *Bradley* v. *Fuller,* 118 Mass. 239; *Adler* v. *Fenton,* 24 How. 407; *Austin* v. *Barrows,* 41 Conn. 287; *Klous* v. *Hennessey,* 13 R. I. 332; *Moody* v. *Burton,* 27 Maine, 427; *Hall* v. *Eaton,* 25 Vt. 458.

None of these cases is identical with the present case, and it is unnecessary to determine whether the principles established by them are so far applicable to the facts set out in the declaration as to be decisive of the question. We are of opinion that the demurrer was rightly sustained on another ground. This action is brought by the administrator of the original judgment creditor to whom the wrong is alleged to have been done. It is a general rule that actions of tort do not survive. Pub. Sts. c. 165, § 1. The statute creates certain exceptions to this rule, of which the only one necessary to be considered is that referring to actions "for damage done to real or personal estate." The plaintiff contends that this case falls within this exception, and

argues that the suit is brought to recover for damage done to the judgment, which is personal estate.

It has been decided repeatedly that " a mere fraud or cheat by which one sustains a pecuniary loss cannot be regarded as a damage done to personal estate." *Leggate* v. *Moulton*, 115 Mass. 552, and cases there cited. See also *Cutter* v. *Hamlen*, 147 Mass. 471. The statute was intended to give a remedy which should survive only for injuries of a specific character " to real or personal estate." In the case last cited there was no damage done to the plaintiff's real or personal estate, and in the present case there was no damage done to the judgment, considered as a specific part of the property of the plaintiff's intestate. The judgment was entirely unaffected by the defendant's alleged wrong. The wrong was not directed towards the judgment itself. At the most, it merely rendered ineffectual one of the methods by which the creditor hoped to collect the judgment. It seems to us plain, therefore, that the case does not fall within this exception, and that the entry must be,

*Judgment affirmed.*