# CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

---

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1914

AND

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1915

---

(68 South. 192)

No. 20059.

BRYCELAND LUMBER CO., Ltd., v. KERLIN.

(April 12, 1915.)

*(Syllabus by Editorial Staff.)*

1. BILLS AND NOTES ☞444—ACTIONS—DEFENSES.

Recovery on a note cannot be defeated because plaintiff failed to deliver collateral where, though the maker had given plaintiff an order for the collateral, the holder of it refused, for an undisclosed reason, to honor the order.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1287–1293; Dec. Dig. ☞444.]

2. ACCOUNT, ACTION ON ☞7—EVIDENCE — SUFFICIENCY.

In a suit on an open account, evidence *held* to support a judgment for plaintiff.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. §§ 13–17; Dec. Dig. ☞7.]

Appeal from Third Judicial District Court, Parish of Bienville; William C. Barnette, Judge.

Action by the Bryceland Lumber Company, Limited, against T. J. Kerlin. From a judgment for plaintiff, defendant appeals. Affirmed.

Wimberly, Reeves & Dormon, of Shreveport, for appellant. Roberts, Goff & Barnette, of Arcadia, for appellee.

PROVOSTY, J. This suit is on two promissory notes and on an open account.

The only defense to the notes is that defendant has offered to pay them, provided plaintiff would return certain stock which, defendant says, was collateral for one of them.

[1] Plaintiff never received the stock in question. Defendant gave an order for it on a Mr. Goodrich; but this order, though duly presented, was not honored. Mr. Goodrich was at that time the president of the plaintiff company, but lived in St. Louis, Mo., and, as we understand, took no part in the management of its local affairs. What

stock this was, and what was its amount, and for what reason Mr. Goodrich refused to honor the order upon him for it, or by what right or title he held it, the record does not show. Under these circumstances, we do not think defendant was relieved of the obligation to pay the note at maturity. Nothing shows that Mr. Goodrich ever held this stock for the plaintiff company, or as its representative, and not for himself individually.

[2] The plaintiff company was incorporated to succeed the T. J. Kerlin Lumber Company, and all the property of that company was transferred to it. Part of this property consisted of open accounts, and for the purposes of the transfer a list of these accounts was made from the books. On this list defendant figured for $2,268.77, and that item is the first one on the account now sued on, and the one most seriously contested.

Defendant owned all the stock of the T. J. Kerlin Lumber Company; and it was he who negotiated the transfer. He became the vice president and general manager of the plaintiff company at its organization. That item was at once charged to him on the books of the new company, and all the other items of the account sued on were there regularly charged as they accrued, and he had at all times free access to the books. Two witnesses testify to the correctness of the account sued on, and to all the items upon it being due, and also to its having been shown to defendant and his having made no objection to it. He, on the other hand, denies that the account was ever shown him, or that he ever looked at the books. It is noteworthy, however, that while, in his extended testimony, he would leave it to be inferred that he denies owing the several items of the account, except two, yet he does not expressly and positively make the denial, not that it would have made any difference if he had, for the weight of the evidence would still have been on the side of plaintiff.

Judgment affirmed.