CAILLOUET et al. v. AMERICAN SUGAR REFINING CO. et al.

(District Court, E. D. Louisiana. January 19, 1917.)

No. 14815.

1. ABATEMENT AND REVIVAL ⬳49—ANTI-TRUST LAW—RIGHT OF ACTION FOR DAMAGES.

Whether a right of action to recover damages under Sherman Anti-Trust Act July 2, 1890, c. 647, 26 Stat. 210, survives the death of the person injured, in the absence of any federal statute on the subject, is to be determined by the common law, regardless of the law of the state.

2. ABATEMENT AND REVIVAL ⬳52—ANTI-TRUST ACT—RIGHT OF ACTION FOR DAMAGES.

A right of action to recover triple damages under the Sherman Anti-Trust Act July 2, 1890, c. 647, is one sounding in tort, and under the rule of the common law does not survive the death of the person injured.

At Law. Action by Mrs. Annette B. Caillouet and others against the American Sugar Refining Company and another. On exceptions to petition. Exceptions sustained.

F. Rivers Richardson, of New Orleans, La., and Caffery, Quintero & Brumby and P. Kramer, all of Franklin, La., for plaintiffs.
Carroll, Henderson & Carroll and Denegre, Leovy & Chaffe, all of New Orleans, La., for defendants.

FOSTER, District Judge. This is a suit by Mrs. Annette Caillouet, Mrs. Margaret Brown, Mrs. Cecile Brown, and the Mrs. E. D. Burguieres Planting Company, Limited, against the American Sugar Refining Company and J. T. Witherspoon, its New Orleans representative, for triple damages under the Sherman Law. The petition alleges, in substance, that Mrs. E. D. Burguieres was engaged in plant-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing cane and manufacturing sugar from 1891 to 1904, when she died; that during that period the defendants were engaged in a conspiracy to monopolize the sugar refining business of the United States, and in pursuance of their plan depressed the raw sugar market; that Mrs. Burguieres sold her sugar at prices based on the open market and suffered damage in consequence of the unlawful acts of the defendants; that plaintiffs are the sole owners of Mrs. Burguieres' right to recover for the said damage; that the first 3 named plaintiffs are heirs of Mrs. Burguieres and together with the corporation acquired the interests of the other heirs by notarial act. Defendants except to the petition on the ground that any right of action in Mrs. Burguieres abated with her death and hence was neither heritable nor assignable.

It may be assumed that, if the action is not heritable, it is not assignable. Comegys v. Vasse, 1 Pet. 193, 7 L. Ed. 108.

[1] The Sherman Law is silent as to the survival of the right of action. As there is no other statute of the United States in point, whether the action survives or not must be determined by the principles of the common law, regardless of the law of Louisiana. Schreiber v. Sharpless, 110 U. S. 80, 3 Sup. Ct. 423, 28 L. Ed. 65; Michigan Central R. R. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176.

[2] At common law as a general rule all actions ex delicto abate with the death of either party. Exception was made in some cases, as where the decedent had been deprived of particular property and his estate diminished by the wrongful act. But this was on the theory that the duty of the wrongdoer to return the property created a quasi contract.

The general rule is not disputed by plaintiffs, but they contend a cause of action based on the Sherman Law is sui generis and does not sound in tort. With this I cannot agree. In my opinion this case is identical in principle with other cases based on fraud and deceit, which have always been held to come under the general rule. And, as it cannot be said Mrs. Burguieres was damaged in any particular property or that there was an implied promise on the part of defendants to reimburse her, it follows that the cause of action abated with her death. Henshaw v. Miller, 17 How. 212, 15 L. Ed. 222; Atlanta v. Chattanooga Foundry, 127 Fed. 23, 61 C. C. A. 387, 64 L. R. A. 721; Chattanooga Foundry v. Atlanta, 203 U. S. 390, 27 Sup. Ct. 65, 51 L. Ed. 241; Chivers v. Roger, 50 La. Ann. 57, 23 South. 100; Jenks v. Hoag, 179 Mass. 583, 61 N. E. 221.

The exception will be maintained, and the suit dismissed.