(74 South. 177)

No. 20792.

BRYCELAND LUMBER CO., Limited, v. KERLIN et al.

(Feb. 12, 1917.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞434—TRANSCRIPT—REVERSAL.

Where the appellant filed the transcript of appeal in the Supreme Court, but made no other appearance therein, the judgment will be affirmed, where the record discloses no manifest error of fact or of law sufficient to warrant the reversal of the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2183.]

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Special Judge.

Action by Bryceland Lumber Company, Limited, against T. J. Kerlin Lumber Company, Limited, in solido. Judgment in solido for plaintiff against the answering defendant T. J. Kerlin, and against the defendant company by default, and defendant Kerlin prosecutes a devolutive appeal. Affirmed.

Wimberly, Reeves & Dormon, of Shreveport, for appellant. Goff & Barnette, of Arcadia, for appellee.

LAND, J. Plaintiff sued T. J. Kerlin and the T. J. Kerlin Lumber Company, Limited, in solido to recover the sum of $3,595.77, with legal interest thereon from March 17, 1911, until paid, on a cause of action which, as alleged, may be briefly stated as follows:

That T. J. Kerlin, acting as manager of the plaintiff company, on March 17, 1911, without authority so to do, issued its voucher payable to F. A. Goodrich for $12,000, of which $8,402.23 was justly due, but the balance of $3,595.74 was not in any way owing by said company to the said Goodrich, and that said balance was misused and misapplied to the payment of a debt due by the defendants to said Goodrich, and for which the plaintiff was in no wise liable and responsible.

That on February 2, 1911, an agreement was made between the said defendants and F. A. Goodrich for the organization of the Bryceland Lumber Company, and the purchase by it of all the property of the T. J. Kerlin Lumber Company, and there was attached to said agreement a list of the liabilities of said company, which the Bryceland Lumber Company was to assume, not including, however, a liability of $3,595.77 due by the said T. J. Kerlin Lumber Company for state and parish taxes for the year 1910.

That between February 2, 1911, and March 9, 1911, when the new company commenced to do business, the said Kerlin and Kerlin

Lumber Company obtained advances from the said Goodrich to the amount of $12,000, to be used in the payment of debts which the Bryceland Lumber Company was to assume, and the said Kerlin and Kerlin Lumber Company wrongfully used $3,595.77 of said advances in paying the taxes aforesaid, and the said Kerlin, acting as general manager of the plaintiff company, wrongfully issued its voucher for $12,000 to the said Goodrich as aforesaid.

That T. J. Kerlin was, at the time of the sale of the T. J. Kerlin Lumber Company to the plaintiff company, the owner of all the stock of the T. J. Kerlin Lumber Company, and took the entire proceeds of the sale of its property, and is therefore liable for all of its debts.

T. J. Kerlin answered, denying in detail all the material allegations of the petition.

The same defendant also filed a plea of estoppel, based on the pleadings of a former suit brought by the plaintiff against the same defendant. The T. J. Kerlin Lumber Company was cited, but made no appearance.

The cause was tried on default as against the said company, and judgment was rendered in solido against both defendants as prayed for in the plaintiff's petition.

T. J. Kerlin prosecuted a devolutive appeal from said judgment, and filed the transcript of appeal, but has filed no brief, or made any other appearance in this court.

It is the duty of the appellant to point out any error of law or of fact on which he may rely, in printed briefs seasonably filed as required by the rules of this court. If the appellant files no briefs, the presumption is that he is unable to assign any error of fact, or of law, which he deems sufficient to warrant the reversal of the judgment.

We have, however, gone over the record, and find no manifest error of law or of fact made by the judge below.

Judgment affirmed.