fendants did not then plead an estoppel, nor offer to amend their pleadings in the district court. They ask now that the case be remanded to the district court, if necessary, for the introduction of the evidence that was excluded when, in reality, the evidence was not admissible under the pleadings. We are unwilling to establish the precedent of remanding a case for the introduction of evidence of facts which, if true, were known by all of the parties to the suit before it was filed. One of the defendants, a man 43 years of age, was present and testified at the trial, and it appears that he had assisted in preparing for the defense of the suit. There is no consideration of equity to prompt us to depart from the rule that a plea of estoppel filed in an appellate court, based upon allegations of facts antedating the trial of the case, cannot be allowed or considered unless the record contains evidence of the facts alleged.

The judgment appealed from is affirmed.

## On Application for Rehearing.

PER CURIAM. It is said in the application of the defendants for a rehearing that we should have reserved their right to compel the plaintiff to collate, and to compel her to account for the property and money received from her mother, by way of opposition, if necessary, to a homologation of the partition proceedings to be had hereafter in this case.

[10] As we did not pass upon or consider the merits of the issues raised or attempted to be presented by the plea of estoppel filed originally in this court, our refusal to consider the plea should not have the effect of preventing the defendants' asking for a collation, by way of opposition to the homologation of the partition proceedings.

The decree heretofore rendered is therefore amended so as to reserve whatever rights the defendants have or may have to require the plaintiff to collate, by way of opposition to a homologation of the partition proceedings to be had herein. The petition for a rehearing is denied.

━━━━━

(78 South. 482)

No. 21440.

## BRYCELAND LUMBER CO., Limited, v. KERLIN et al.

(April 1, 1918.)

*(Syllabus by the Court.)*

LIMITATION OF ACTIONS ⬥⟶28(1)—PAYMENT OF MANAGER'S PERSONAL DEBTS.

An action by a corporation to recover from its manager the amount of his personal debts, paid by him or under his direction with funds of the corporation and without authority, is subject, not to the prescription applicable to the original debts so paid, but to that of ten years, under article 3544 of the Civil Code.

Appeal from Third Judicial District Court, Parish of Bienville; William C. Barnette, Judge.

Action by the Bryceland Lumber Company, Limited, against T. J. Kerlin and others. Judgment for plaintiff, and T. J. Kerlin appeals. Affirmed.

Wimberly, Reeves & Dormon, of Shreveport, for appellant. Goff & Barnette, of Arcadia, for appellee.

O'NIELL, J. This is an action to recover $7,028.60 paid by the plaintiff for debts due by the defendants. The suit is similar to the two cases of the same title reported in 137 La. 1, 68 South. 192, and 140 La. 867, 74 South. 177.

The only serious defense made is a plea of prescription of one and three years, which plea was rejected by the district court. T. J. Kerlin alone has appealed from the judgment rendered against him and the T. J. Kerlin Lumber Company in solido.

The debts paid by the plaintiff, to recover

which this suit was brought, were due by the T. J. Kerlin Lumber Company, whose property was sold by T. J. Kerlin to the plaintiff under a written contract of warranty on Kerlin's part against such debts. He owned or controlled all of the capital stock of the corporation whose property he transferred to the Bryceland Lumber Company. Thereafter, as vice president and general manager of the latter corporation, he had the accounts credited to his and the T. J. Kerlin Lumber Company's creditors, on the books of the Bryceland Lumber Company, and caused the debts to be paid with funds of the Bryceland Lumber Company. A suit by the latter to recover the amount so paid is not subject to the prescription of one year nor of three years, but to that of ten years. R. C. C. 3544; Reddick v. White, 46 La. Ann. 1208, 15 South. 487.

The judgment appealed from is affirmed.

---

(78 South. 482)

No. 21433.

DE MOSS v. SAMPLE et al.

(April 1, 1918.)

*(Syllabus by the Court.)*

1. MINES AND MINERALS ⚖⇒55(1) — SEVERANCE—EXCEPTION.

The elements of ownership in land may be severed. The owner may sell surface rights, and except from the sale the minerals below the surface, and reserve to himself the right to mine those minerals; whether the minerals be in place, like coal, sulphur, etc.; or, whether they be migratory, like oil and gas appear to be.

*(Additional Syllabus by Editorial Staff.)*

2. MINES AND MINERALS ⚖⇒47 — OWNER OF MINERALS.

The ownership of the surface of the earth carries with it the right to the minerals beneath and the consequent privilege of mining and extracting them.

3. DEEDS ⚖⇒137—"EXCEPTION."

An "exception" is of something that is part of the thing granted, existing at the time of the grant, as coal or oil in the land and upon which the grant does not operate and which remains in the grantor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Exception.]

4. DEEDS ⚖⇒141—"RESERVATION."

A "reservation" is the creation in behalf of the grantor of some new right issuing out of the thing granted, usually an incorporeal hereditament; something which did not exist as an independent right, before the grant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Reservation.]

Appeal from Eleventh Judicial District Court, Parish of Red River; W. T. Cunningham, Judge.

Jactitation suit by William De Moss against A. N. Sample, S. G. Sample, and the Producers' Oil Company, converted into a petitory action by defendants' claim of ownership to oil and gas and reserved mineral rights. Judgment for defendants, and plaintiff appeals. Affirmed.

Scheen & Blanchard, of Shreveport, for appellant. Hampden Story, of Shreveport, for Producers' Oil Co. Hall & Jack, of Shreveport, for appellees Sample. Foster, Looney & Wilkinson and J. C. Pugh & Son, all of Shreveport, amici curiæ.

SOMMERVILLE, J. This is a jactitation suit brought by plaintiff, who alleges that he acquired title to the land in dispute from two of the defendants, A. N. and S. G. Sample, in the year 1911, and that he has been in quiet possession thereof since that time, until shortly before the filing of this suit, in 1914. He further alleges that the defendants, the two Samples and the Producers' Oil Company, have disturbed him in his possession by entering upon the estate, and by extracting oil therefrom.

Defendants answer, admitting that plaintiff bought the land in question at the time indicated, but allege that in selling to him, the vendors, the two Samples, made this written stipulation in their favor in the deed of conveyance: