DELTA THEATERS, Inc., Plaintiff,

v.

PARAMOUNT PICTURES, Inc., et al., Defendants.

Civ. A. No. 3792.

United States District Court
E. D. Louisiana,
New Orleans Division.

Jan. 16, 1958.

Henican, James & Cleveland, C. Ellis Henican, Murray F. Cleveland, New Orleans, La., for plaintiff.

Chaffe, McCall, Phillips, Burke & Hopkins, Harry McCall, Gibbons Burke, New Orleans, La., E. Compton Timberlake, Marvin Ginsky, New York City, Phelps, Dunbar, Marks, Claverie & Sims, Ashton Phelps, New Orleans, La., E. C. Raftery, New York City, for defendants.

J. SKELLY WRIGHT, District Judge.

The plaintiff in this case is the owner and operator of an independ-

ent motion picture theater in New Orleans. Its complaint, based on Section 4 of the Clayton Act,[1] alleges a conspiracy, involving a major part of the nation's film industry, to destroy competition between plaintiff's theater and certain theaters, operated in the New Orleans area by some of the defendants, by excluding plaintiff from the market for first-run films of prime quality. This conspiracy is alleged to have continued since plaintiff's theater opened in 1947, and to have succeeded to the extent of causing serious losses in plaintiff's box office receipts. Defendants have filed a motion to strike, as time barred, the demand in damages for all years prior to one year before the filing of the complaint, asserting as their authority Articles 3536 [2] and 3537 [3] of the Louisiana Civil Code. It is agreed that reference must be had to applicable state statutes of limitation [4] because, at the time this action arose, the federal antitrust acts contained no limitation provision for damage suits.[5]

## I.

■ In response to defendants' motion to strike, plaintiff suggests, first, that Article 3536, Louisiana Civil Code, relating to the prescription of "offenses and quasi offenses" in one year, does not apply to a treble damage antitrust suit since such an action is sui generis and therefore falls within Article 3544,[6] the ten-year omnibus provision covering prescription of all personal actions not otherwise provided for in the Code. It is true that the antitrust suit is a statutory action with no exact equivalent in the common law. Consequently, the courts have experienced some difficulty in applying to it statutes of limitation which list specific types of common law actions.[7] But the Louisiana Civil Code term, "offenses and quasi offenses," is, not a specific and exclusive, but a general term which embraces all "tort" actions, including the action for "injury to business." [8] In federal decisions antitrust damage suits are usually described as "tort" actions.[9]

In this state of the law it would be arbitrary and unreasonable now to exclude this "tort" action from the general category of "offenses and quasi offenses." Moreover, the courts of this district [10] and this circuit [11] have regularly applied Article 3536 to treble damage suits under the anti-trust laws. Although the point may never have been strongly urged in these prior cases, this Court can see no reason for changing the rule, and therefore the one-year limit applies.

1. 15 U.S.C.A. § 15.

2. LSA–C.C. art. 3536 reads, in pertinent part, as follows:
   "The following actions are also prescribed by one year:
   "That for * * * damages * * * resulting from offenses or quasi offenses. * * * *"

3. LSA–C.C. art. 3537 reads, in pertinent part, as follows:
   "The prescription mentioned in the preceding article runs:
   " * * * from that (day) on which the injurious words, disturbance or damage were sustained. * * * *"

4. Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241.

5. There is one now. 15 U.S.C.A. § 15b.

6. LSA–C.C. art. 3544 reads:
   "In general, all personal actions, except those before enumerated, are prescribed by ten years."

7. See Chattanooga Foundry & Pipe Works v. City of Atlanta, supra.

8. See West's LSA–C.C. art. 2315, Note 12.

9. Steiner v. 20th Century-Fox Film Corporation, 9 Cir., 232 F.2d 190, 195; Clark Oil Co. v. Phillips Petroleum Co., 8 Cir., 148 F.2d 580; Williamson v. Columbia Gas & Electric Corporation, 3 Cir., 110 F.2d 15.

10. Bonvillain v. American Sugar Refining Co., D.C., 250 F. 641; Caillouet v. American Sugar Refining Co., D.C., 250 F. 639; Grosz & Grosz, v. 20th Century-Fox Distributing Co., Civil Action 1392, E.D.La.

11. American Tobacco Co. v. People's Tobacco Co., 5 Cir., 204 F. 58.

## II.

Secondly, the plaintiff argues that even if this suit is a "tort" action, plaintiff may waive the tort and elect to sue in quasi contract, thereby substituting the ten-year limit of Article 3544 for the one-year limit of Article 3536. In its complaint the plaintiff has done everything necessary to exercise its right of election, if such a right exists in the present circumstances. There is some authority in the numerous Louisiana cases cited [12] by the plaintiff to the effect that where the subject matter of the suit is specific property, or its value, or other sum certain which it would be unjust for the defendant to retain, an action in quasi contract may be elected. In the present case the plaintiff seeks to recover for "losses in decreased box office receipts" and for injury to its "prestige, standing and good will." This is not a demand for an item of property or a sum of money which was once in plaintiff's and is now in defendants' possession. Read it as one will, the complaint states only a claim for unliquidated damages. Although the defendants may have benefited from their illegal practices, no exact correspondence is alleged, or could be alleged, between losses suffered and benefits received.

No case has been cited which recognizes the right of election of remedies in these circumstances except Don George, Inc., v. Paramount Pictures, D.C., 111 F.Supp. 458.[13] That opinion makes no reference to the lengthy analysis of this right to elect found in Iberville Land Co. v. Amerada Petroleum Corporation, 5 Cir., 141 F.2d 384. This last decision reviews many of the cases cited by the plaintiff herein and leaves no doubt as to the Fifth Circuit Court's view that this right is limited to actions for the recovery of specific property or sums certain. While the limits of the right of election are not too precisely defined in the Louisiana decisions, it nevertheless appears to this Court that this case falls well beyond them.

## III.

Thirdly, the plaintiff argues that where the actions of the defendants constitute a continuing conspiracy for a single purpose, the applicable statute of limitation does not begin to run against the plaintiff's single cause of action as long as the conspiracy continues. Plaintiff alleges that the defendants' conspiracy against it has continued from the time plaintiff's theater opened ten years ago to the present, with the single purpose of eliminating plaintiff from competition as an exhibitor of first-run films of prime quality. Plaintiff therefore asserts a right to recover damages for the entire period up to the time of filing the complaint herein. The contention seems to be, not that the statute of limitation is suspended or tolled, but that it does not apply at all in these circumstances until the defendants cease their conspiracy.

According to the usual rules, the statute of limitation would begin to run whenever the plaintiff's cause of action "accrued," and if the facts herein pleaded constitute a single cause of action, the statute of limitation would begin to run on the entire cause either from the first impact of the conspiracy or from the last. Under this theory of the case, the present cause of action would have been barred nine years ago or it would not yet have accrued. To avoid this result, plaintiff asserts that the statute of limitations and the principles of accrual of a cause of action do not apply to a continuing conspiracy; that the plaintiff may sue on any part of its claim at any time during the conspiracy, but that the defendant cannot take advantage of the statute of limitations until the conspiracy ceases.

In support of this theory, plaintiff has cited a number of persuasive

---

12. Kramer v. Freeman, 198 La. 244, 3 So.2d 609; Tyler v. Walt, 184 La. 659, 167 So. 182; Bryceland Lumber Co. v. Kerlin, 143 La. 242, 78 So. 482.

13. But see Don George, Inc. v. Paramount Pictures, D.C., 145 F.Supp. 523.

Louisiana cases,[14] but they do not apply. This issue is a matter of federal, not state, law. "In determining whether a cause of action has accrued, the law which governs is the law of the jurisdiction which gives the cause of action, not the law which supplies the applicable period of limitation. Rawlings v. Ray, 312 U.S. 96, 98, 61 S.Ct. 473, 85 L.Ed. 605. Therefore, in determining when this plaintiff's causes of action accrued, the law which governs is the law of the United States which gives the private right to sue for damages suffered from violations of the anti-trust laws." Momand v. Universal Film Exchange, D.C., 43 F.Supp. 996, 1006.[15]

Variations of plaintiff's theory that the continuing conspiracy is immune from the statute of limitations have frequently been advanced in private antitrust cases,[16] and in one instance, Winkler-Koch Engineering Co. v. Universal Oil Products Co., D.C., 96 F.Supp. 1014, affirmed on rehearing, D.C., 100 F.Supp. 15, this unusual doctrine was accepted by a federal court. The conclusion of that court was based on the fact that, in a complex antitrust case involving a nationwide business combination, it is unreasonable, if not impossible, to divide the aggregate of acts and damages alleged into a series of totally distinct causes of action against each of which the statute of limitations would run as if it were a simple tort. However, the conceptual difficulties in attempting to split this type of claim are not a sufficient reason for refusing to give effect to the principles underlying the statutes of limitation. The lapse of time obscures the facts of a continuing conspiracy just as much as those of an intermittent one. For this reason, the cases,[17] other than the one just cited, appear to be unanimous in holding that some division of an extended antitrust claim must be made, at least for the purpose of applying the statutes of limitation.

In some cases [18] the conspiracy claim has been hypothetically divided into separate units, each consisting of an individual "overt act" committed in furtherance of the conspiracy and causing the damages thereto attributable. These cases hold that separate causes of action accrue and the statute of limitations begins to run on the occurrence of each overt act. This analysis might be adequate in simple cases where the overt

---

14. Dixon v. American Liberty Oil Company, 226 La. 911, 77 So.2d 533; Franklin v. Arkansas Fuel Oil Co., 218 La. 987, 51 So.2d 600; Devoke v. Yazoo & M. V. R. Co., 211 La. 729, 30 So.2d 816; McCoy v. Arkansas Natural Gas Co., 184 La. 101, 165 So. 632; Di Carlo v. Laundry & Dry Cleaning Service, 178 La. 676, 152 So. 327; Werges v. St. Louis C. & N. O. R. Co., 35 La.Ann. 641. In the Devoke case, supra, 30 So.2d at page 822, the Court said:

"The defense that the claims of the plaintiffs are barred by the prescription of one year is equally without merit for the evidence unmistakably shows that the operating cause of the injury is a continuous one, giving rise to successive damages from day to day, and under our law, in such cases prescription, whatever the length of time, has no application. * * * A careful study and analysis of the cases relied on by the railroad * * * will show that although the damages complained of in those cases were progressive, the operating cause of the injury was not a continuous one of daily occurrence."

15. See also Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743; compare Moore v. Illinois Central R. R. Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089.

16. Crummer Company v. Du Pont, 5 Cir., 223 F.2d 238; Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37.

17. Steiner v. 20th Century-Fox Film Corp., supra; Momand v. Universal Film Exchanges, 1 Cir., 172 F.2d 37; Burnham Chemical Co. v. Borax Consolidated, 9 Cir., 170 F.2d 569; Baush Mach. Tool Co. v. Aluminum Co. of America, 2 Cir., 79 F.2d 217.

18. Steiner v. 20th Century-Fox Film Corp., supra; Suckow Borax Mines Consol. v. Borax Consolidated, 9 Cir., 185 F.2d 196; Park-In Theatres v. Paramount-Richards Theatres, D.C., 90 F. Supp. 727. Cf. Northern Kentucky Tel. Co. v. Southern Bell T. & T. Co., 6 Cir., 73 F.2d 333, 97 A.L.R. 133; Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 72 F.2d 885.

acts are individually related to, and more or less contemporaneous with, the resulting damage. But the facts of the present case demonstrate the impossibility of applying this rule to a complex business combination. The complaint alleges a conspiracy, both vertical and horizontal, between fifteen corporate defendants, including most of the major film producing and distributing companies in the United States. The purpose of the conspiracy is to destroy competition between defendants' theaters and independent theaters such as the plaintiff's. To achieve this result, defendants have established and maintained a nationwide system of distribution control effectuated by interrelated contracts, agreements and franchises at the various levels of their corporate activity. The local result of these complex and illegal arrangements is the loss of box office receipts at plaintiff's theater.

The actual cause of a particular loss of patronage involves the mysteries of consumer preference. In a single instance the loss could be attributed equally well either to plaintiff's inability to exhibit a particular film then showing in one of the defendants' theaters, or to offer any film of prime quality on that particular night, or to a general lack of confidence in plaintiff's offerings owing to the inferior films plaintiff had been forced to exhibit in the past. In each case the loss would be attributable to a different series of "overt acts," a different series of illegal contracts and agreements. Under the rule that a cause of action accrues at the time of the individual overt act, neither plaintiff, defendant nor court could say with certainty when the cause of action for such a loss accrued and the statute of limitations began to run.

Moreover, even if a single overt act could be isolated for this purpose, the act may occur long before the resulting loss of patronage. It is alleged that contracts are sometimes made for films which are to be exhibited more than a year later. Such a contract may be an overt act against the plaintiff's interest if it constitutes a final refusal to allow plaintiff to exhibit certain films when they become available a year later. Yet, no action may be brought under Title 15 U.S.C.A. § 15 until plaintiff is "injured in his business or property." [19] If more than a year elapsed between the overt act and the resulting damage, plaintiff's action may be barred before it could be brought.

For these reasons, it is the opinion of this court that the better rule is that stated in the leading case of Bluefields S. S. Co. v. United Fruit Co., 3 Cir., 243 F. 1, 20: "The statute began to run when the cause of action arose, and the cause of action arose when the damage occurred. Then action might have been brought." In the case of successive damages suffered day by day from a continuing conspiracy, the statute begins to run on each day's damage as it occurs.[20] When suit is brought, the plaintiff may recover only for damages inflicted during the period of limitation immediately preceding the filing of the complaint.[21] In the present case, therefore, Article 3536 of the Louisiana Civil Code will bar recovery for all damages suffered more than one year prior to the filing of this complaint on January 8, 1953.

19. Burnham Chemical Co. v. Borax Consolidated, supra. Cf. Sidney Morris & Co. v. National Ass'n of Stationers, 7 Cir., 40 F.2d 620.

20. Cf. Crummer Company v. Du Pont, supra; Momand v. Universal Film Exchanges, D.C., 43 F.Supp. 996, affirmed 1 Cir., 172 F.2d 37. See Restatement, Torts § 899, Comment d; 34 Am.Jur., Limitation of Actions § 160, § 130, § 131;

39 Am.Jur., Nuisances § 141; but see 34 Am.Jur., Limitation of Actions § 162.

21. Burnham Chemical Co. v. Borax Consolidated, supra; Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742; Baush Mach. Tool Co. v. Aluminum Co. of America, supra; Strout v. United Shoe Machinery Co., D.C., 208 F. 646. See Report of the Attorney General's National Committee to Study the Antitrust Laws (1955), p. 382, Note 72.

## IV.

Plaintiff also argues that "If the one-year period of prescription is applicable, it did not begin to run until discovery of the illegal nature of defendants' action and of the damage to plaintiff, and such discovery was not made until less than one year prior to the institution of suit." Assuming plaintiff's legal contention to be correct,[22] the record simply will not support the factual suggestion contained therein. The record shows that these defendants, during the entire period of the alleged conspiracy, have conducted themselves in the manner complained of and that this conduct was, or should have been, known to the plaintiff from the beginning.

## V.

Finally, plaintiff argues that if the one-year period of prescription is applicable, the running thereof has been suspended, under 15 U.S.C.A. § 16, by the pendency of the antitrust proceedings in New York against these defendants. The record shows that the proceedings in New York against these defendants ceased to pend, for purposes of 15 U.S.C.A. § 16, at the very latest some time in 1950. Since this action was not filed until 1953, the pendency of those proceedings cannot help the plaintiff here.

## VI.

At the same time as defendants' motion to strike, plaintiff filed a motion for summary judgment. In support of this motion the record has been supplemented with affidavits, depositions, and interrogatories which seem to show that these defendants have divided the exhibitor market for Class A and Class AA films in the New Orleans area among themselves to the exclusion and detriment of the plaintiff. However, since the purpose for which this division was made, and the extent to which the defendants acted in concert in so making, will depend, to some extent at least, on an appraisal of the credibility of the witnesses, this case is not one for summary judgment. Sartor v. Arkansas Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Volunteer State Life Insurance Co. v. Henson, 5 Cir., 234 F.2d 535; Chappell v. Goltsman, 5 Cir., 186 F.2d 215.

Motion to strike granted. Motion for summary judgment denied.

---

22. See Bailey v. Glover, 21 Wall. 342, 88 U.S. 342, 22 L.Ed. 636.