**VIKING THEATRE CORPORATION**

v.

**WARNER BROS. PICTURES DISTRIB-UTING CORPORATION et al.**

**Civ. A. No. 37919.**

United States District Court
E. D. Pennsylvania.
Feb. 21, 1967.

Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., David Shivitz, Harry M. Pimstein, New York City, for plaintiff.

Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Gerald Phillips, New York City, Franklin Poul, Philadelphia, Pa., Stuart H. Aarons, New York City, H. Francis DeLone, Philadelphia, Pa., James M. Ellis, New York City, Edwin P. Rome, Ralph Earle, II, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

This is the third civil treble damage action under 15 U.S.C. § 15 brought by a motion picture exhibitor in Philadelphia against certain distributors and other exhibitors of first-run motion pictures. The first suit (hereinafter called "Viking I"), covering the period 7/2/54 to 11/13/56 (Civil Action No. 21623), resulted in a directed verdict for the defendants. Viking Theatre Corp. v. Paramount Film Distributing Corp., 320 F.2d 285 (3rd Cir. 1963), aff'd. 378 U.S. 123, 84 S.Ct. 1657, 12 L.Ed.2d 743 (1964). The second suit (hereinafter called "Viking II") covers the damage period from

11/13/56 to 11/3/60 (Civil Action No. 28805). As pointed out below, this action covers the damage period from 4/23/61 to 4/23/65 and is hereinafter called "Viking III." Argument on the above motion to dismiss was postponed until January 1967 because of a dispute between the parties concerning the possible settlement of Viking II. See Viking Theatre Corp. v. Paramount Film Distributing Corp., 362 F.2d 980 (3rd Cir. 1966). Because of the litigation concerning this dispute, discovery and pre-trial proceedings in both Viking II and III were stayed until the fall of 1966.

I. Application to strike paragraphs 10–12 of the Complaint, as amplified by paragraphs 1–3 of Plaintiff's First Revised Statement of Contentions (Document 68)

15 U.S.C. § 16(a) provides:

"(a) A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under section 15a of this title, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: * * *."

Plaintiff apparently contends in the above paragraphs of Document 68 that certain of the defendants[1] were found, in United States v. Paramount Pictures, Inc., et al., Equity No. 87–273, 85 F.Supp. 881 (S.D.N.Y.), to have licensed motion pictures in a discriminatory manner, other "than by offering and taking each license theatre by theatre, solely upon the merits and without discrimination in favor of any theatre or theatres." However, the Supreme Court of the United States has held, in Emich

1. Paramount Film Distributing Corp., Warner Bros. Picture Distributing Co., Metro-Goldwyn-Mayer, Inc., Columbia Pic- tures Corp., Universal Pictures Corp., Universal Film Exchanges, and United Artists Corp.

Motors Corp. v. General Motors Corp., 340 U.S. 558, at 569, 71 S.Ct. 408, at 414, 95 L.Ed. 534 (1951), that "Such estoppel [as described in 15 U.S.C. § 16(a) quoted above] extends only to questions 'distinctly put in issue and directly determined' in the criminal prosecution. * * *" Counsel for plaintiff has pointed to no place in the record in Equity No. 87–273 where discrimination of the type described in paragraph 2 of Document 68 was distinctly put in issue and directly determined. In the decrees to which he has referred (see letter of 1/30/67 attached to his brief, which has been filed as Document 72), there is included a clause [2] enjoining the defendants "From licensing any feature for exhibition upon any run in any theatre in any other manner than that each license shall be offered and taken theatre by theatre, solely upon the merits and without discrimination in favor of affiliated theatres, circuit theatres or others." However, this is not a determination that the defendants were found to have done the enjoined activity, since an injunctive decree may go beyond the findings and conclusions in the case. It is noted that the decrees in Equity No. 87–273 were based on action of the defendants over 20 years ago, whereas this Complaint relates to the period 1961–1965, and that the plaintiff did not allege a violation of these decrees in either Viking I or Viking II. The cases cited at pages 5–9 of defendants' brief (Document 71) require the granting of defendants' Motion on this point. See, particularly, Order of Judge Kraft of May 21, 1956, in Zsirzseri v. Columbia Pictures Corp., Civil Action 20056 (E.D. Pa.1956); see, also, Tivoli Realty v. Paramount Pictures, 80 F.Supp. 800 (D. Del.1948); Paramount Film Distributing Corp. v. Village Theatre, 228 F.2d 721 (10th Cir. 1955); Robbinsdale Amuse. Corp. v. Warner Bros. P. Dist. Corp., 141 F.Supp. 134 (D.Minn.1955), appeal dismissed 235 F.2d 782 (8th Cir. 1956).[3]

II.   Application to have the Complaint dismissed insofar as it relates to any period prior to April 23, 1961

15 U.S.C. § 15b provides:

"Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. * * *"

Since the Complaint was filed on April 23, 1965, defendants cannot be held liable for any alleged activities prior to April 23, 1961. The discussion in Winkler-Koch Engineering Co. v. Universal Oil Prod. Co., 100 F.Supp. 15, 26–29 (S.D. N.Y.1951), cited by the plaintiff, is not applicable to the situation presented by this record. The majority of federal decisions on a record such as that in this case have not followed the *Winkler-Koch* case,[4] supra. See Delta Theatres v. Paramount Pictures, 158 F.Supp. 644, 648 (D. La.1958), and cases cited in fn. 17 at page 648.

The record in this case alleges a continuing conspiracy. Judge J. Skelly Wright, in his opinion in *Delta,* supra, held at page 649 that:

"In the case of successive damages suffered day by day from a continuing conspiracy, the statute begins to run on each day's damage as it occurs."

The language in 15 U.S.C. § 15b is clear and defendants' motion with respect to the statute of limitations will be granted. See, also, cases cited at page 4 of Document 74 (Memorandum of Buena Vista in Support of Motion Under Rule 12).

---

2.  See United States v. Paramount Pictures, Inc., 85 F.Supp. 881 (D.C.1949); United States v. Loew's, Inc., CCH Trade Cas. ¶62,861, at p. 64,546 (1951); United States v. Loew's, Inc., CCH Trade Cas. ¶67,228, at p. 67,327 (1952); United States v. Loew's, Inc., et al., CCH Trade Cas. ¶62,573 at pp. 63,677, 63,678 and 63,681 (1950).

3.  As to the applicability of a Motion to Strike in this situation, see Doane v. Travelers Insurance Company, D.C., 266 F.Supp. 504 (1st par. of Opinion of Judge Kirkpatrick filed 12/30/66).

4.  It is noted that the above-quoted provision in 15 U.S.C. § 15b had not been enacted when the *Winkler-Koch* case, supra, was decided.

## ORDER

And now, February 21, 1967, it is ordered that:

(I) section 1(a) of motions of defendants under rule 12 (Document 31) is granted and paragraphs 10 to 12 of the Complaint are stricken;

(II) section 1(b) of the above motions (Document 31) is dismissed as moot (see Stipulation filed as Document 67);

(III) insofar as the Complaint purports to recover for damages allegedly inflicted prior to April 24, 1961, it is dismissed; and

(IV) the remaining defendants of record shall file and serve Answers to the Complaint, as modified by this order, within thirty (30) days.