The **POSTER EXCHANGE, INC.**

v.

**NATIONAL SCREEN SERVICE CORPORATION, Columbia Pictures Corporation, Loew's Incorporated, Metro Goldwyn Mayer, Inc., Paramount Film Distributing Corporation, Twentieth Century Fox Film Corporation, United Artists Corporation, Warner Bros. Pictures Distributing Corporation.**

Civ. A. No. 12497.

United States District Court
N. D. Georgia,
Atlanta Division.

July 25, 1969.

**492**

Sanders, Hester, Holley, Ashmore & Boozer, Augusta, Ga., Francis T. Anderson, Yeadon, Pa., Henican, James & Cleveland, New Orleans, La., for plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for defendants.

### ORDER

ALBERT J. HENDERSON, Jr., District Judge.

Plaintiff Poster Exchange, which rents standard accessories to moving picture theatres, alleged that defendant National Screen and the other defendants, distributors of motion pictures (hereinafter known as distributors), had conspired together to violate the anti-trust laws, specifically §§ 1 and 2 of the Sherman Act. This conspiracy had resulted in a cessation of standard accessory materials to plaintiff from National Screen, upon which plaintiff relied for its supplies. The distributors moved for summary judgment, alleging (1) that the statute of limitations, 15 U.S.C. § 15b, had run from the time of the accrual of plaintiff's cause of action and (2) that plaintiff's suit was barred by either res judicata or collateral estoppel because of a damages award in a previous suit in this court, No. 7665. 198 F.Supp. 557. Poster Exchange countered that the violation was a "continuing conspiracy", and that, as a result, the statute of limitations did not bar the suit. By the same reasoning, it alleged that it was bringing this suit under a new cause or causes of action, and that the doctrines of res judicata and collateral estoppel, therefore, could not apply. Because the court finds that the theory of "continuing conspiracy" is not the law in the Fifth Circuit, the distributors' motion for summary judgment must be granted.

As they are pertinent, the facts are these. National Screen is a national company which distributes advertising material for motion pictures, known as standard and specialty accessories, for all of the defendant motion picture distributors. It has an office in each of the major motion picture exchange areas, including Atlanta. Poster Exchange is a local "poster renter", dealing in the Atlanta area in standard accessories, such as posters and other items used to advertise motion pictures. It rents these items to local motion picture theatres. In 1961, National Screen announced to Poster Exchange that it would no longer supply Poster Exchange with standard accessories, as it had been doing up to that time. Poster Exchange filed a suit, No. 7665 in this court, alleging a violation of the anti-trust laws, and obtained a preliminary injunction against National Screen, with the effect that National Screen was ordered to continue furnishing it with the standard accessories. For reasons not pertinent here, the case was not brought to trial before March, 1963,

and, on March 1, 1963, Judge Lewis Morgan withdrew the preliminary injunction. At that time, National Screen ceased furnishing standard accessories to Poster Exchange. Since then, Poster Exchange's business in the Atlanta area has withered, to the extent that it now consists of a "telephone service", by which it supplies customers with selections from Poster Exchange's limited stock from New Orleans, which is the location of another similar company operated by the principals of Poster Exchange. No additional acts in perpetration of the alleged violation of the anti-trust laws are alleged, other than the 1963 cessation of supplies.

For a more complete treatment of the facts, see the decision in Poster Exchange, Inc. v. National Screen Service Corp., 198 F.Supp. 557 (N.D.Ga. 1961), aff'd sub nom. National Screen Service Corp. v. Poster Exchange, Inc., 305 F.2d 647 (5th Cir. 1962).

The only issue which the court will explore is whether this suit is barred by the four year statute of limitations, 15 U.S.C. § 15b. In other words, does a "continuous conspiracy" create a new cause of action each day, so that plaintiff can never be barred by the statute of limitations?

A succinct statement of the law on this issue is found in 2 CCH Trade Regulation Reporter, ¶ 9141:

> Causes of action based on an unlawful conspiracy have been the major source of accrual issues or problems. The fact that a conspiracy is of a continuing nature does not prevent the accrual of a cause of action for damages, which have been sustained. In other words, a cause of action based on a conspiracy may accrue, although the conspiracy continues. Furthermore, the fact that a victim of a conspiracy continues to suffer damage does not prevent the accrual of a cause of action. Generally, damages which are attributable to overt acts occurring within the period of the statute of limitations are recoverable. *In a continuing conspiracy causing continuing damages without further overt acts, the statute begins to run from the time that the act which caused the damage occurred.* (citations omitted) (emphasis added).

This is substantially the rule in the Fifth Circuit. See Crummer Co. v. Du-Pont, 223 F.2d 238, 247 (5th Cir. 1955); Norman Tobacco and Candy Co. v. Gillette Safety Razor Co., 295 F.2d 362 (5th Cir. 1961); Laitram Corp. v. Deepsouth Packing Co., 279 F.Supp. 883, 888–889 (E.D.La.1968).

■ Applying the rule to the facts of this case, it is seen that only one overt act is complained of, to-wit, the 1963 refusal to furnish further supplies. Nowhere does plaintiff state that another overt act, within the period of the statute of limitations, was perpetrated. Instead, plaintiff contents itself with the assertion that the continuing conspiracy and continuing damages suffered thereby entitle it to sue, unhampered by the statute of limitations. But because the one overt act was the ultimate cause of the damage of which plaintiff complains, and because this act occurred in 1963, more than four years prior to the date of this suit, the plaintiff's suit is barred by the statute of limitations.

In support of its contentions, plaintiff cites three cases, all of which are distinguished by the court. In the first, DeLaughter v. Borden Co., 364 F.2d 624 (5th Cir. 1966), overt acts occurred within the period of the statute of limitations. The second case, R. J. Reynolds Tobacco Co. v. Hudson, 314 F.2d 776 (5th Cir. 1963), involved neither a conspiracy nor an alleged violation of the anti-trust laws, and is distinguished on those grounds. The third case is Delta Theaters, Inc. v. Paramount Pictures, Inc., 158 F.Supp. 644 (E.D.La. 1958), aff'd, 259 F.2d 563 (5th Cir. 1958). Delta Theaters was an independent motion picture theatre, which

brought an anti-trust action against the major film producers, alleging that they had conspired to deprive it of first run motion pictures of prime quality. In dictum, the court commented that the overt act requirement might be applicable in " * * * simple cases where the overt acts are individually related to, and more or less contemporaneous with, the resulting damage." 158 F. Supp. at 648–649. But the court stated that it was impossible to apply this rule to a complex combination. It stated, again as dictum:

> * * * In each case the loss would be attributable to a different series of "overt acts", a different series of illegal contracts and agreements. Under the rule that a cause of action accrues at the time of the individual overt act, neither plaintiff, defendant nor court would say with certainty when the cause of action for such a loss accrued and the statute of limitations began to run. 158 F.Supp. at 649.

On appeal, the Fifth Circuit did not affirm the district court on the merits but merely affirmed because the order was interlocutory and not an appealable order. This case has different facts than those in *Delta Theaters*. Here, the single overt act, the cessation of supplies to Poster Exchange, was easily identified (and manifestly so, because it was sued on by plaintiff in the earlier action). Moreover, the damage occurring after this act obviously flowed from that particular act, and from no other acts. Therefore, all of plaintiff's cases are distinguished.

■ For the above reasons, defendant motion picture producers motion for summary judgment is hereby granted,

on the grounds that the statute of limitations, 15 U.S.C. § 15b, bars the action. The court's decision on the statute of limitations issue obviates the necessity for a decision on the collateral estoppel-res judicata issues. However, the court notes that the plaintiff has made a recovery of some $450,000.00 against the National Screen Service Corporation in Case No. 7665 in this court. In that case, as well as in this case, summary judgment was granted for the film producer defendants, Poster Exchange, Inc., v. National Screen Service Corp., 35 F.R.D. 558 (N.D.Ga.1963). The granting of summary judgment was affirmed in a per curiam decision by the Fifth Circuit, Poster Exchange, Inc. v. Paramount Film Dist. Corp., 340 F.2d 320 (5th Cir. 1965). Examination of the complaint in Case No. 7665 reveals that it was virtually the same case which plaintiffs have filed in this case. Moreover, plaintiff states, in its motion for preliminary injunction, that this action is " * * * in effect, a continuation of Civil Action No. 7665, commenced in this court on July 17, 1961". In essence, because the issue of the damages resulting from the single overt act involved in this suit has been tried before in No. 7665, the doctrine of res judicata bars this suit. Plaintiff cannot be heard to say that his damages are different, when the act complained of is the same. Norman Tobacco & Candy Co. v. Gillette Safety Razor Co., 295 F.2d 362 (5th Cir. 1961); Astron Industrial Associates, Inc. v. Chrysler Motors Corp., 405 F.2d 958 (5th Cir. 1968). Therefore, at least as to these motion picture distributors, this litigation ends here.

For the above reasons, the motion for summary judgment is granted for the motion picture distributors against the plaintiff.