The POSTER EXCHANGE, INC.,
Plaintiff-Appellant,

v.

NATIONAL SCREEN SERVICE
CORPORATION et al.,
Defendants-Appellees.

No. 74–2172.

United States Court of Appeals,
Fifth Circuit.

Aug. 8, 1975.

---

23. *See, e. g.,* National Screen Service Corp. v. Poster Exchange, Inc., 5 Cir. 1962, 305 F.2d 647.

Francis T. Anderson, C. Ellis Henican, Jr., New Orleans, La., Glenn B. Hester, Augusta, Ga., for plaintiff-appellant.

Charles H. Kirbo, John Izard, Atlanta, Ga., Walter S. Beck, New York City, for Nat. Screen Service.

Warren O. Wheeler, Trench C. Coxe, Atlanta, Ga., for Columbia Pictures Corp.

Before TUTTLE, WISDOM and GOLDBERG, Circuit Judges.

GOLDBERG, Circuit Judge:

Like Poster Exchange, Inc. v. National Screen Service, Inc., 5 Cir., 517 F.2d 117, No. 74–1512, also decided to-day, this case involves the Atlanta reel of the motion picture accessory litigation. It is unnecessary to detail again the entire history of this lawsuit, and we will supply only a summary of the more significant legal developments.

### I

As we have already explained, plaintiff Poster Exchange, Inc. initiated suit in 1961 against National Screen Service Corporation and a number of film Producers in Atlanta. In 1963, the Producers were granted summary judgment, and we affirmed. Poster Exchange, Inc. v. Paramount Film Dist. Corp., 5 Cir. 1965, 340 F.2d 320. Poster eventually won its suit against the remaining defendant, National Screen, however, and we affirmed that decision as well. Poster Exchange, Inc. v. National Screen Service Corp., 5 Cir. 1970, 431 F.2d 334. In that case it was proved that National Screen violated § 2 of the Sherman Act,[1] by "intentionally us[ing] the monopoly power it had at the manufacturing level to eliminate Poster as a competitor at the distributor-jobber level." 431 F.2d at 339. This was accomplished initially by National Screen's pre-1961 refusal to supply Poster with adequate supplies, and its pricing of those supplies which were provided at "over-the-counter" fees; and subsequently by its maintenance after May 16, 1961, of a continued refusal to deal.

Recovery was sought and granted for damages suffered day by day, as calculated under Bigelow v. RKO Pictures, Inc., 1945, 347 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652, for the four years prior to filing of the suit in July of 1961. A few days after its 1969 victory against National Screen in that lawsuit, Poster initiated this action against the Producers and National Screen, seeking to recover for its damages for the years 1965–1969 from the allegedly continually injurious

---

1. 15 U.S.C. § 2:

 Every person who shall monopolize, or attempt to monopolize or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor . . . . .

monopoly and conspiracy. 15 U.S.C. § 15.[2] Shortly thereafter the district court granted summary judgment in favor of the Producers, on grounds of limitations. Poster Exchange, Inc. v. National Screen Service Corp., N.D.Ga.1969, 306 F.Supp. 491. In an opinion relying principally on Zenith Radio Corp. v. Hazeltine Research, Inc., 1971, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77, we reversed on the limitations issue. 5 Cir., 456 F.2d 662. In remanding the cause, we suggested that the district court appoint a special master to sort the remaining issues in the case in the first instance. In late 1973, the district court again granted the Producers a summary judgment, and we have dealt with the appeal from that judgment in Poster Exchange, Inc. that judgment today in Poster Exchange, Inc. v. National Screen Service Corp., 5 Cir., 517 F.2d 117, No. 74–1512. Poster's case against National Screen remained, and in April, 1974, the district court granted summary judgment in favor of National Screen on the ground that the four year statute of limitations, 15 U.S.C.A. § 15b,[3] barred this remaining action. Poster's appeal from that judgment is the sole matter before us in this case.

## II

 Poster's conspiracy-monopoly case against National Screen here proceeds and depends upon issues identical to those considered in part III of our opinion today in Poster Exchange, Inc. v. National Screen Service Corp., 5 Cir., 517 F.2d 117, No. 74–1512.[4] To proceed herein Poster must point to some act committed during the four

---

2. Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

3. Any action to enforce any cause of action under sections 15 or 15a of this title shall be forever barred unless commenced within four years after the cause of action accrued. . . .

4. From our reasoning in Poster Exchange, Inc. v. National Screen Service Corp., 5 Cir., 517 F.2d 117, No. 74–1512, it should be clear that Poster was not obliged in its previous trial against National Screen to claim its damages from continuation of National Screen's allegedly illegal conduct through 1965–1969. Poster's previous victory came upon a complaint of illegal conduct during 1957–1961. As to this conduct, it was entitled at its 1969 trial to claim "not only those damages which [it had] suffered at the date of accrual, but also those which [it would] suffer in the future *from the particular* invasion, including what [it had] suffered during and will predictably suffer after trial." Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. at 339, 91 S.Ct. at 806, 28 L.Ed.2d at 92 (emphasis added); *see* Lawlor v. Loewe, 1914, 235 U.S. 522, 536, 35 S.Ct. 170, 172, 59 L.Ed.2d 341, 349. But damages upon conduct continued *after* the filing of the action could not be claimed upon the original complaint. *See, e. g.* Dean Foods Co. v. Albrecht Dairy Co., 8 Cir. 1968, 396 F.2d 652, 661; Elyria-Lorain Broadcasting Co. v. Lorain Journal Co., 6 Cir. 1966, 358 F.2d 790, 794. Such a recovery could be had only upon the filing of a separate or supplemental action, *see* Flintkote Co. v. Lysfjord, 9 Cir. 1957, 246 F.2d 368, 394–97 cert. denied, 1957, 355 U.S. 835, 78 S.Ct. 54, 2 L.Ed.2d 46; Connecticut Importing Co., 2d Cir. 1939, 101 F.2d 79, 81; Momand v. Universal Film Exchange, D.Mass. 1942, 43 F.Supp. 996, 1006, *aff'd,* 1 Cir., 172 F.2d 37, which might be brought at any time within four years of the accrual of the action. *Cf. Zenith,* 401 U.S. at 339–40, 91 S.Ct. at 806–807, 28 L.Ed.2d at 92–93. Nothing in *Zenith* or elsewhere requires that such a separate suit be brought in time to consolidate it with an ongoing trial, and we think such action was not required here. Certainly a plaintiff might benefit by the timing of successive actions such as these so as to facilitate consolidation in some cases, but where trial is completed expeditiously such a procedure may be impossible; moreover, as our decisions in Exhibitors Poster Exchange, Inc. v. National Screen Service Corp., 5 Cir., 517 F.2d 110, No. 74–1459 and Poster Exchange, Inc. v. National Screen Service Corp., 5 Cir., 517 F.2d 117, No. 74–1512, ought to make plain, collateral estoppel principles may be discriminatingly employed to protect the defendant from repetition of proof in successive suits upon truly continuous conduct, just as they may be employed in successive suits for continuing damages permitted under the *Zenith* exception for continuing damages based upon a completed antitrust violation.

years prior to the filing of this suit wherein National Screen has interfered with Poster's access to the Producers' standard accessories. Antitrust violations do not have perpetuity, although the damages flowing therefrom may be terminal or endless. For Poster to succeed here, there must be a determination of the occurrence of an injurious act within the four year period sued upon. In capsulation, this is the issue to which the district court must address itself on remand, for Poster cannot proceed in this action without some indication that such an injurious act was done. Although Poster avers that National Screen alone has distributed the Producers' posters, in accord with assertedly exclusive agreements entered into long before 1965, during the period sued upon, it has failed to demonstrate that it has actually been refused access to advertising accessories by the Producers during that period. Regarding the asserted "continued" refusal by National Screen, we are left in the same doubts as in Poster Exchange, Inc. v. National Screen Service Corp., 5 Cir., 517 F.2d 117, No. 74–1512, as to whether there is a genuine issue of material fact. As our opinion in that case points out, we think it critical to determine whether there was, during the period sued upon, a mere absence of dealing, or whether there was some specific act or word of refusal precluding Poster's obtaining supplies from National Screen. Since the district court was of the opinion that a cause of action arose in neither case, we cannot be absolutely certain, as we think necessary in this summary judgment context, whether the district court accepted plaintiff's averments as indicating that there had been a specific act or word of refusal during the limitations period. We therefore find it necessary to remand the case for a clarification on this narrow question. If, upon remand, Poster is unable to present a triable case of fact as to the occurrence of any specific act or word

denying it of access to the Producer's posters for distribution during the statutory period, then it may recover no damages, and judgment should be entered against it. If Poster satisfies the burden of coming forward with a specific averment, then the district court should hold such further proceedings as are necessary, not inconsistent with the opinion here and in Poster Exchange, Inc. v. National Screen Service Corp., 5 Cir., 517 F.2d 117, No. 74–1512. The district court may find it most convenient to reconsolidate these two separate fragments of this case upon remand.

Vacated and remanded.